## OHIO COURTS OF APPEAL—Continued

the case from the consideration of the jury. 16 C. C. n. s. 387 (410 O. C. C. 560).

SULLIVAN, J.

### Epitomized Opinion

Action to reverse the judgment of the trial court in withdrawing the case from the jury and rendering judgment for company. Walsh rented a pair of skates from the company and the skates were attached to her shoes by one of its employees. After she had skated for about an hour, she stumbled to her knee, the one skate having become loosened. Thereupon she went to the same employee, who again fastened on the skate. In a few minutes the same skate came ·off and she fell backward, sustaining serious injuries. There was no evidence that the skate became unfastened by reason of any inherent defect in the skate. In affirming the judgment, the Court of Appeals held:

1. The record is absolutely silent as to the alleged defect being the proximate cause of the injury. The alleged defect, at its best, can only be an inference. Therefore, as to the question of proximate cause, it cannot be determined from the record, excepting that we base upon the alleged inference of defect the inference of proximate cause, and inasmuch as an inference cannot have for its legal foundation another inference, it is conclusive that upon the question of proximate cause there was nothing to submit to the jury.

2. Where the evidence as to the physical cause of an accident is largely inferential and would lead to an equally natural inference precluding negligence, it is the duty of the trial judge to withdraw the case from the consideration of the jury. 16 C. C. n. s. 387 (41 O. C. C. 560).

Attorneys—Baker, Hostetler & Sidlo, W. J. Monahen and F. E. Stevens, for Walsh; Dustin, McKeehan, Arter & Stewart, C. K. Arter and M. P. Beall, for Humphrey Co.

### No. 809
### GRIMM v. BOYD
Ohio Appeals, 2nd District, Franklin County
No. 1054.   Decided March 29, 1923

294. PLEADINGS.

General demurrer must be overruled where petition, although poorly drawn, sets forth a cause of action.

KUNKLE, J.

### Epitomized Opinion

This was an action to recover for alleged negligence in the use of a gas jet. The petition alleged that the curtains of the defendant were set on fire by a gas jet in the defendant's apartment. The negligence charged was the leaving the curtains hang too near this gas jet so that they were blown against the jet and set on fire. The second cause of action set forth that the defendant forcibly took control and possession of personal property located in said apartment belonging to the plaintiff. Both causes of action contained an averment that the defendant

was indebted to the plaintiff in a certain sum. To this amended petition a general demurrer was filed. The trial court sustained the demurrer, whereupon plaintiff prosecuted error. In reversing the judgment, the Court of Appeals held:

1. While the cause of action set forth in the amended petition were poorly and improperly pleaded, yet the petition was good as against the gneeral demurrer.

Attorneys—E. E. Corwin, for Grimm; F. A. Siegel, and J. M. Schooler, for Boyd.

### No. 813
### LEAMON v. STATE
Ohio Appeals, 9th District, Lorain County
No. 267.   Decided Nov. 2, 1923

47. AUTOMOBILES.

The limitation of ten tons prescribed for motor vehicles by 7246 GC. applies to a combined truck and semi-trailer.

PARDEE, J.

### Epitomized Opinion

Leamon was convicted, before a justice, for the violation of 7246 GC., which makes it penal to operate certain vehicles weighing over the maximum prescribed weight therein over the public highways bridges, etc. It was charged that he operated a vehicle consisting of a tractor-truck with a semi trailer attached, the combined weight of the two exceeeding the ten tons maximum prescribed by the statute.

By the evidence, the tractor was shown to be a four-wheeled vehicle, not adapted to carrying a load independently, but was used with the semi-trailer to furnish power to pull the same. The trailer had a box thereon, its front resting on the tractor, and its two wheels at the rear. Thus attached, the whole rig weighed more than ten tons, but neither part alone was excessive. The conviction was sustained in the Common Pleas, and in affirming this decision, the Court of Appeals held:

That inasmuch as the statute does not define these vehicles, it becomes necessary to determine their meaning from their usual use and the object and purposes of the statute; which it did as follows

"A trailer is a separate vehicle which is not drawn or propelled by its own power, but which is drawn by some independent power."

"A semi-trailer is a separate vehicle, not drawn or propelled by its own power, but which to be useful must be attached to and become a part of another vehicle, which then loses its identity as a separate vehicle."

From these definitions, it was held that it follows that when a semi-trailer became attached to the tractor they became one vehicle with six wheels and subject to the limit by law of ten tons.

Attorneys—Newcomb & Hord and Fauver and Cheney, for Leamon; Weber & Symons, Pros. Attys and C. C. Crabbe, Atty. Gen., and Hubert D. Mill Special Counsel, for State.

For Superior and Common Pleas Courts, see p. 7