STATE, Appellant, v. VANDERHULE, Respondent.

(239 N. W. 485.)

(File No. 7088. Opinion filed December 1, 1931.)

*M. Q. Sharpe*, Attorney General, *Benj. D. Mintener*, Assistant Attorney General, and *Lee H. Cope*, State's Attorney, of Yankton, for the State.

*Hays, Baron & Mathews*, of Sioux City, Iowa, *F. J. Farley*, of Wagner, and *H. A. Doyle*, of Yankton, for Respondent.

RUDOLPH, J. This is an appeal from an order sustaining a demurrer to a criminal complaint. The complaint, so far as material to this decision, is as follows: "That the Defendant Vernon Vanderhule at the said County of Yankton on the 3rd day of April, A. D. 1930, then and there did wilfully, wrongfully and unlawfully drive and operate a motor vehicle to-wit, a 'truck tractor' as defined in subdivision (d) of section 1, chapter 251 of the Session Laws of 1929, combined with a 'semi-trailer' as defined in subdivision (h) of said section and chapter, in the transportation of freight from consignors at Sioux City, Iowa, to consignees at Yankton, South Dakota, over a public highway in Yankton County, State of South Dakota, known as State Highway Number Fifty, the Gross weight of such vehicle including the freight being transported thereon being then and there in excess of twenty thousand pounds."

The demurrer was on the ground that the complaint did not state facts sufficient to constitute a public offense.

The question presented is, Does a "truck tractor" when used in conjunction with a "semi-trailer" become one "motor vehicle" within the meaning of section 39 of chapter 251, Laws of 1929, which provides: "It shall be unlawful for any person to drive or operate any motor vehicle, trailer or wagon upon the public highways of the state, the gross weight of which, including the load, is more than twenty thousand pounds, or any motor vehicle, trailer or wagon having a greater gross weight than sixteen thousand pounds on one axle, or any motor vehicle trailer or wagon having a gross load of over six hundred pounds per inch width of tire, upon any wheel concentrated upon the surface of the highway, said width in the case of rubber tires to be measured between the flanges of the rim."

The appellant contends that, when the truck tractor and the semi-trailer are used together, the two units, in effect, become one motor vehicle within the meaning of the term "motor vehicle" as

used in section 39 of chapter 251, Laws of 1929, above set out. In this connection it is necessary to note that the Legislature in section 1 of the act above referred to has defined certain terms relative to this matter, as follows:

"(b) 'Motor Vehicle.' Every vehicle, as herein defined, which is self-propelled.

"(d) 'Truck Tractor.' Every motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn.

"(g) 'Trailer.' Every vehicle without motive power designed for carrying property or passengers wholly on its own structure and for being drawn by a motor vehicle.

"(h) 'Semi-Trailer.' Every vehicle of the trailer type so designed and used in conjunction with a motor vehicle that some part of its own weight and that of its own load rests upon or is carried by another vehicle."

From these definitions it will be observed that the truck tractor is defined as a "motor vehicle," while the semi-trailer is defined as simply a "vehicle." The complaint specifically charges the operation of a "motor vehicle" and therefore, unless we can conclude that the semi-trailer when combined with a truck tractor loses its identity as a semi-trailer, and becomes a part of the truck tractor or motor vehicle, the order sustaining the demurrer must be adjudged to be correct.

The appellant relies upon the case of Leamon v. State, decided in the Circuit Court of Appeals of Ohio and reported in 17 Ohio App. 323, wherein the Ohio court said: "A semi-trailer is a separate vehicle which is not driven or propelled by its own power, but which, to be useful, must be attached to and become a part of another vehicle, and then loses its identity as a separate vehicle."

The state of Ohio, however, has no statutory definition of a semi-trailer. The definition above set out was one coined by the Ohio court for the purpose of the case before it. However, the definition of the Ohio court is no authority for this court, for the reason that this court is confined to the definition of a semi-trailer as prescribed by the Legislature of this state.

It will be noted that our statutory definition does not say that the semi-trailer when used in conjunction with a motor vehicle loses its identity as a separate vehicle, but (on the other hand) it does classify a semi-trailer as a separate vehicle. The fact that our Legislature has classified and defined a semi-trailer as an entity in itself, without recognizing that the identity is lost when the semi-trailer is used in conjunction with a truck tractor indicates that the semi-trailer should be considered as a separate and independent unit, when used with a truck tractor as well as any other time. This is further indicated by the fact that the Legislature of 1931 by chapter 183 of the Laws of 1931 provided that semi-trailers should be separately licensed. Before a semi-trailer can now be operated on the public highways of this state, the owner thereof must pay a license fee separate and apart from any license fee that he has paid on account of the motor vehicle which he uses in connection with the semi-trailer. To say that the semi-trailer and truck tractor are two units when it comes to paying a license fee, but that they are only one unit under the terms of the criminal statute above set out, is neither logical nor reasonable. True, the law of 1931 whereby a separate license is required for a semi-trailer was not in effect at the time the complaint herein was filed, but this is not material. The statutory definitions above set out are unchanged by the 1931 law. The fact that the Legislature has now required the semi-trailer to be licensed, without in any manner changing the definition of the term, is referred to only in an attempt to determine what the Legislature had in mind when it classified the "truck tractor" and "semi-trailer" as separate vehicles, and to aid in determining whether or not the two when used together constitute one "motor vehicle" within the meaning of the criminal statute, supra, which statute also remains unchanged.

The statutory definition does recognize that when used in conjunction with a motor vehicle a part of the weight of the semi-trailer and its load is upon the motor vehicle; we are of the opinion therefore, that the extent the weight of the semi-trailer and its load rests upon the truck tractor when the two are used in conjunction it is to be considered as a part of the weight of the truck tractor or motor vehicle for the purpose of determining the gross weight of the motor vehicle and load, under the provisions of the said chapter 251, Laws of 1929. The part of the weight

of the semi-trailer and its load that is not carried by the motor vehicle is not to be computed as a part of the gross weight of the motor vehicle and load under the provisions of the said statute.

The construction herein placed upon this law, we believe, is in accordance with the purpose the Legislature had in mind in limiting the weight of a motor vehicle when operated upon the roads. The purpose of the statute is, concededly, to prohibit excessive weight or excessive loads from being carried upon the highways of the state. The Legislature has seen fit to make a gross weight of twenty thousand pounds the limit for any one motor vehicle; whether that motor vehicle carries that weight on account of merchandise or any other thing loaded directly on the motor vehicle, or whether part of the load consists of the weight of the semi-trailer and its load upon that motor vehicle, makes no difference, so far as the purpose sought to be accomplished by this law is concerned.

The complaint only alleging that the total weight of the truck tractor combined with the total weight of the semi-trailer exceeded twenty thousand pounds does not state a public offense.

The order appealed from is affirmed.

ROBERTS, J., disqualified.

POLLEY, P. J., and CAMPBELL, J., concur.

WARREN, J., dissents.