SARAH CHOOLJIAN *vs.* SARKIS N. NAHIGIAN.

JOHN CHOOLJIAN *vs.* SAME.

Middlesex.   November 6, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Contract,* What constitutes.  *Negligence,* Motor vehicle, Invited person. Passenger.

At the trial of two actions of tort by a man and his wife, respectively, for personal injuries sustained by the plaintiffs while occupants of an automobile operated by the defendant, there was evidence that the defendant stated to the plaintiff woman that he had "got a mind to buy an automobile and that the only thing [which] stops him . . . is the expense of garage"; that that plaintiff, who was the owner of a house and garage, said to the defendant that if he bought the automobile, she would let him have the use of the garage "and we will have the use of the automobile, that is once in a while you take us to ride here and there . . . I won't charge you anything for rental"; that the defendant replied, "if that is the case, I will buy it"; that the defendant thereafter used the garage for his automobile; and that the plaintiffs' injuries were sustained as a result of the defendant's negligence while he and the plaintiffs were in the automobile on a trip suggested by the plaintiff woman.  The trial judge ordered a verdict for the defendant in each action.  *Held,* that

(1) The evidence warranted findings that the plaintiffs, at the time of their injuries, were not mere guests of the defendant in the automobile, but were being driven therein by him in pursuance of a contract

between him and the plaintiff woman whereby he was to drive the plaintiffs at various times in consideration of the use of the garage free of charge;

(2) There was error in each action in ordering the verdict for the defendant.

TWO ACTIONS OF TORT. Writs dated July 2, 1927.

The first count of the declaration in each action contained allegations of negligence on the part of the defendant; and the second count in each action contained allegations of gross negligence on his part. The actions were tried together in the Superior Court before *Fosdick*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant in each action and reported the actions for determination by this court.

The case was submitted on briefs.

*W. A. Murray*, for the plaintiffs.

*J. J. Kerwin & J. H. Gilbride*, for the defendant.

PIERCE, J. These are two actions of tort for personal injuries sustained by the plaintiffs, husband and wife, while they were occupants of an automobile owned and operated by the defendant. The cases were tried to a jury. At the close of the plaintiffs' evidence, the defendant also rested and, in each case, in writing moved that a verdict for the defendant be entered. The judge granted the motions and reported the cases to this court with the stipulation that "if the Supreme Judicial Court shall decide that the court's ruling is right, judgment is to be entered for the defendant on the verdicts. If the court's ruling is wrong, judgment is to be entered for the plaintiff in each case for the sum of $500; that is, $500 for each plaintiff.

In their aspect most favorable to the plaintiffs the facts disclosed in the report are as follows: In December, 1926, the plaintiff Sarah Chooljian bought a house in Watertown, Massachusetts. There was a two-car garage upon the premises which she at once rented to two different persons for $8 a month each. The defendant, who is her brother, lived with her in the house paying for his board and room. In May, 1927, he said to her that he had

"got a mind to buy an automobile and that the only thing [which] stops him . . . is the expense of garage. It would cost a great deal." She replied, "well, if you buy an automobile, I will let you have the garage and we will have the use of the automobile, that is once in a while you take us to ride here and there, Sundays, evenings and holidays, and so forth. I won't charge you anything for rental." The defendant said: "if that is the case, I will buy it." Thereupon she gave notice to one tenant to vacate, and after that the defendant used the space in the garage that was so vacated.

The further facts appear in the report that between May and June 12, 1927, the day of the accident, the plaintiff Sarah Chooljian had ridden with the defendant; that before starting on June 12 she said to him, "how would it be to go some place today?" and he replied, "all right, we will get our dinner and we will go to Nantasket"; that after dinner they got into the automobile, which was driven by the defendant, both plaintiffs riding on the rear seat; that when the automobile turned into Concord Avenue, in Cambridge, the plaintiffs noticed that the automobile was "zigzagging" and "shaking"; that each plaintiff spoke to the defendant about the car "wobbling"; that the plaintiff Sarah "got kind of frightened and told the defendant to stop and see what was the matter with the car"; that the defendant did not stop the car, though told to do so three times, but went on driving for "two minutes or so" until the car going "zigzag" tipped over on its left side, causing physical injuries to both plaintiffs.

On the above facts the jury would have been warranted in finding that the defendant was negligent in continuing to operate the car without ascertaining the cause of the irregularity of its motion and therefrom determining whether it was safe to drive the car in the condition found. It is the contention of the defendant, however, that the facts show that the plaintiffs were his guests, particularly the husband, and that the facts do not warrant a jury finding of gross negligence. We think the facts reported in respect to the plaintiffs' use of the auto-

mobile on the day of the accident establish a contract between the plaintiff Sarah Chooljian and the defendant, whereby, for a sufficient legal consideration, she agreed to give him the use of her garage for a reasonable time without the payment of rent, and the defendant, in consideration of such agreement and use, promised to take her and her husband to ride on Sundays, evenings and holidays as she and the defendant might reasonably agree upon, during the defendant's use of the garage. *Carnig v. Carr,* 167 Mass. 544.   *Sherman v. Pfefferkorn,* 241 Mass. 468, 473.   *Proctor v. Union Coal Co.* 243 Mass. 428, 432. *Evers v. Gilfoil,* 247 Mass. 219, 224.   Assuming such was the agreement between the plaintiff Sarah Chooljian and the defendant, the jury would have been warranted in finding on the facts reported that on the day and time of the accident the plaintiffs were received and driven in the automobile by the defendant in pursuance of the agreement to drive them, and that they were not being entertained by the defendant as guests when the accident happened.

The case of each plaintiff should have been given to the jury on the issue presented by the first count of each declaration.   It follows, in accordance with the terms of the stipulation, *supra,* that judgment is to be entered for each plaintiff in the sum of $500.

*So ordered.*