MATTIE THOMPSON, Appellee, v. ROY E. FARRAND, Appellant.

No. 41992.

November 14, 1933.

Putnam, Putnam, Langdon & Fillmore, for appellant.

D. D. Staples and Paul Williams, for appellee.

Anderson, J.—The defendant-appellant, Roy E. Farrand, is a practicing attorney in the city of Des Moines, Iowa. The plaintiff-appellee also resides in Polk county, just outside of Des Moines, Iowa. Shortly before July 1, 1930, the plaintiff had employed the defendant in his capacity as an attorney to look after and care for some business for her which involved a trip to Pella, Iowa, a short distance from Des Moines. On July 1, 1930, the defendant had a trip he desired to make from Des Moines to Ottumwa, and he advised the plaintiff that he would stop at Pella on his trip to Ottumwa and look over some records there bearing upon the business that he had been employed to attend to for the plaintiff. The defendant testifies that the plaintiff suggested that she go along with his as far as Pella, and that he acquiesced in such suggestion; that it was not necessary that the plaintiff be at Pella when the defendant was there, but at her suggestion he invited her to become a passenger in his car on the trip down. The plaintiff testifies that

162

the defendant told her that she should go with him. That "he said he thought that I better go with him and see the papers because I would not know just what I wanted done without I would be there, and he said that it was necessary for me to go." On the morning of July 1, the defendant phoned to the plaintiff that he was going to make the trip, and, if she would come to his office at 8 o'clock that morning, she could accompany him down. The plaintiff did go to the defendant's office, and with defendant's sister, a Mrs. Sloan, occupied the rear seat of the defendant's car; a son of Mrs. Sloan sat in the driver's seat with defendant. The trip was made to Pella, the business attended to there, and the defendant continued on his errand to Ottumwa, the plaintiff returning to Des Moines in some other conveyance. On the trip to Pella the defendant was driving his automobile 30 to 35 miles per hour, on a straight, open, paved road, a part of which had but recently been paved. The occupants of the car were engaged in conversation as to the beauty of the day and the country through which they were driving, and the defendant's car was driven too near the edge of the new paving and the right wheels thereof dropped off from the pavement where the dirt shoulder had not been completed, and the defendant, in attempting to stop his car when this occurred, placed his foot upon the brake pedal and it slipped from there to the gas pedal, or accelerator, and the car was thus driven off from the pavement into a depression along the side of the road, which was very rough and uneven. The testimony is that the car proceeded thus at least 100 feet before the defendant was able to apply the brakes and stop it. The car was then driven back upon the pavement and the parties continued on their trip. The plaintiff claims that she was injured by reason of being thrown against the top or other parts of the car when it was bumping or bounding over the rough ground in the depression, before the defendant brought it to a stop. Such in brief are the facts as disclosed by the record.

At the close of the testimony the defendant moved the court for a directed verdict upon the ground that it appeared from the evidence that the plaintiff was standing upon the allegation of recklessness in her petition, and that the record showed without dispute that the plaintiff and defendant were, prior to and at the time of the accident, engaged in a common enterprise and joint adventure, and, if there were any reckless acts on the part of the defendant, they were imputed to the plaintiff barring the plaintiff's recovery.

The court, in ruling upon the motion, held that there was no sufficient evidence to show that the defendant was guilty of reckless driving and withdrew that issue from the consideration of the jury. In the same ruling the court held, however, that there was a question of fact for the jury as to whether the plaintiff was a guest, and the motion to direct was overruled. With the first issue withdrawn from the jury, the defendant further moved the court to direct the jury to return a verdict in favor of the defendant for the reasons:

1. "There is no competent testimony in the record that any negligent acts upon the part of the defendant were the proximate cause of the injuries, if any, to the plaintiff."

2. "The evidence on the part of the plaintiff, and under the theory of the case of the plaintiff, is that at and prior to the time of the accident, the plaintiff and defendant were engaged in a joint adventure and a common enterprise, and the evidence shows that the relationship of principal and agent existed, or the relationship of master and servant, and that the negligence of the defendant, if any, is imputed to the plaintiff as a matter of law."

This motion was sustained by the court, a verdict was returned by direction of the court, and a judgment rendered thereon against the plaintiff for costs. The plaintiff later filed a motion to set aside the verdict and for a new trial on the ground that the court erred in directing a verdict. This motion was sustained by the court, and from such ruling the defendant prosecutes this appeal.

The defendant's first assignment of error is as follows:

"The court erred in overruling all the grounds of defendant's motion for a directed verdict made at the close of plaintiff's testimony, and in overruling said motion made at the close of all the testimony, for the reason that the evidence shows that the plaintiff was a guest, and that there was no competent evidence in the record of any recklessness on the part of the defendant."

The appellant cannot now complain of the ruling of the court in failing to direct a verdict on defendant's motion on the ground alleged in this assignment of error, for the reason that the court withdrew from the consideration of the jury the issue as to recklessness on the part of the defendant. The assignment of error is not specific enough under Rule 30 of this court to permit us to consider any question other than the question of recklessness on

164

the part of the defendant, and, this having been withdrawn by the court, there remains no merit in the contention of appellant under this assignment.

■ Appellant's second assignment of error is to the effect that the court erred in sustaining appellee's motion for a new trial upon the specific ground that, "if the plaintiff and defendant were engaged in a joint enterprise at the time of the accident, the negligence of the defendant-appellant would not and could not be imputed to the plaintiff." And such assignment presents the only question for our determination on this appeal. The appellant urgently insists that, in an action between joint adventurers, the negligence of the defendant will be imputed to the plaintiff, and that the application of that rule or doctrine bars the plaintiff from recovery in this action. The appellant cites but one case as sustaining his position. Frisorger v. Shepse, 251 Mich. 121, 230 N. W. 926, 927.

It is true that the Michigan case furnishes some support for the appellant's position at this point. The court in the cited case say:

"The principal issue on the trial was whether at the time of the accident the decedent was a guest of the defendant, or whether they were engaged in a common enterprise. If they were engaged in a joint enterprise, the negligence of the defendant would be imputable to the decedent and would bar a recovery"—citing three other cases from the same court.

The rule, as announced by the Michigan court, is out of line and contrary to the rule adopted by all other states having passed upon the question, so far as we have been able to ascertain. These states include New Jersey, Ohio, Washington, California, Alabama, Wyoming, Tennessee, Minnesota, Vermont, New York, Nebraska, Pennsylvania, Louisiana, and our own state. Most of the cases from other jurisdictions were reviewed and the subject exhaustively discussed in the opinion of Justice Albert, in the case of White v. McVicker, 216 Iowa 90, 246 N. W. 385. In the White case we said:

"In each instance where this rule has been invoked, it was the contention that the negligence of the driver of the car was imputable to the guest, and in each instance it was a case where the action was brought by the guest against a third person. The case at bar, however, is not an action by a guest against a third person, but an action by a guest against the driver and owner of the car. Does the above doctrine of joint adventure or common enterprise apply

in such a case? It seems, after an investigation of the reports of the different states on this question, that it is the uniform holding that, in so far as the question is involved in a suit between a guest and the driver and owner, this doctrine is not applicable."

This is now the settled law of this state and, as indicated, is supported by the great weight of authority.

█ In her original petition the defendant alleges both recklessness and negligence as against the defendant. In an amendment to her petition she alleges that the defendant was careless and negligent in the operation of his car, in that he failed to keep a proper lookout and to watch where he was driving; that he failed to have his automobile under control; and in driving to the side of the roadway and off the pavement. The question as to the recklessness of the defendant would probably be important only if the testimony showed that the plaintiff was a guest in the defendant's car.

█ But the record would not support a finding of recklessness, neither would it support a finding or holding that the plaintiff was a guest in defendant's car, and we think the trial court was right in withdrawing such issues from the jury. This leaves the plaintiff standing upon her allegations of negligence, and, in view of the fact that a new trial must be had, we refrain from expressing an opinion as to whether or not there was sufficient evidence of the negligence of the defendant to warrant the submission of the question to the jury.

As bearing upon the questions we have discussed, see Withey v. Fowler Company, 164 Iowa 377, 145 N. W. 923; Bookhart v. Motor Co., 215 Iowa 8, 244 N. W. 721, 82 A. L. R. 1359; Kruy v. Smith, 108 Conn. 628, 144 A. 304; Crawford v. Foster, 110 Cal. App. 81, 293 P. 841; Gage v. Chapin Motors, 115 Conn. 546, 162 A. 17; Master v. Horowitz, 237 App. Div. 237, 261 N. Y. S.722; Nesbit v. Garner, 75 Iowa 314, 39 N. W. 516, 1 L. R. A. 152, 9 Am. St. Rep. 486; Larkin v. Railway, 85 Iowa 504, 52 N. W. 480; Bailey v. Centerville, 115 Iowa 271, 88 N. W. 379, and also the cases cited in White v. McVicker, 216 Iowa 90, 246 N. W. 385.

It follows from the foregoing discussion that the action of the trial court in setting aside the directed verdict and granting a new trial was right, and such is our conclusion.—Affirmed.

ALBERT, C. J., and KINDIG, EVANS, STEVENS, KINTZINGER, and MITCHELL, JJ., concur.