Vasili Foale, Appellee, v. Ben Linsky, Appellant.

Gen. No. 37,579.

Opinion filed February 1, 1935.

A. H. Brown and A. J. W. Appell, both of Chicago, for appellant.

Reuben Freedman and Louis I. Gordon, both of Chicago, for appellee; Abraham Miller, of Chicago, of counsel.

Mr. Justice Scánlan delivered the opinion of the court.

An action on the case for personal injuries alleged to have been received by plaintiff while he was riding in defendant's automobile, which was being driven and operated by defendant's son. A jury returned a verdict in favor of plaintiff and assessed his damages at the sum of $1,800, but at the suggestion of the trial judge plaintiff remitted $500. A motion by defendant for judgment *non obstante veredicto* was overruled; also a motion to set aside the verdict. Judgment was entered for the sum of $1,300 and defendant has appealed.

Defendant contends that "plaintiff was a 'guest' within the purview of subdivision b of Section 43, Chapter 95a, Cahill Illinois Revised Statutes, 1933." Subdivision b (par. 43) reads as follows:

"(b) *Provided, however,* that no person riding in a motor vehicle as a guest, without payment for such ride, nor his personal representative in the event of the death of such guest, shall have a cause of action for damages against the driver or operator of such motor vehicle or its owner or his employee or agent for injury, death or loss, in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such motor vehicle or its owner or his employee or agent and unless such wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

From an examination of the evidence we are of the opinion that the jury were warranted in finding, *inter alia,* the following facts: That defendant owned and operated two furniture stores in Chicago, one located on Fullerton avenue, which was in charge of defendant's son Harry, and the other on Lincoln avenue, in charge of defendant; that the distance between the two

stores was about six blocks; that sometime prior to the accident, plaintiff purchased a mattress at the Fullerton avenue store and on the evening of the accident he and his wife called at that store to have the mattress exchanged; that the son of defendant told plaintiff that the latter would have to pay an additional dollar to make the exchange; that plaintiff objected to paying this additional amount and said that if defendant were there he would not require such payment; that defendant was then alone in the Lincoln avenue store and could not come to the Fullerton avenue store and the son drove plaintiff and his wife to the Lincoln avenue store to have defendant settle the dispute as to the charge for making the exchange; that plaintiff and defendant settled the dispute and the son then drove plaintiff and his wife back to the Fullerton avenue store where plaintiff was to get the "exchanged mattress"; that on the way to that store the accident happened; that plaintiff and his wife, after the accident, were taken back to the Fullerton avenue store, and the exchanged mattress was delivered a day or two thereafter. It seems plain to us from these facts that the relationship between the parties was that of merchant and customer, that the trip was a business one, and plaintiff was not a guest within the meaning of the act. Both parties state that there are no Illinois decisions directly in point but there are a number of decisions of the sister States that construe like or similar statutes and that sustain our ruling. (See *Knutson v. Lurie,* 217 Iowa 192, 251 N. W. 147; *Gage v. Chapin Motors, Inc.,* 115 Conn. 546; *Russell v. Parlee,* 115 Conn. 687; *Kruy v. Smith,* 108 Conn. 628; *Sumner v. Edmunds,* 130 Cal. App. 770; *Sullivan v. Richardson,* 119 Cal. App. 367; *Crawford v. Foster,* 110 Cal. App. 81; *Hart v. Hogan,* 173 Wash. 598; *Dahl v. Moore,* 161 Wash. 503; *Labatte v. Lavallee,* 258 Mass. 527; *Jackson v. Queen,* 257 Mass. 515;

*Lyttle v. Monto,* 248 Mass. 340.) While in Massachusetts and Washington they have no "guest" statute, the rule has been established in both States that a guest cannot recover for injuries unless the owner or driver of the car is guilty of gross negligence, and therefore the Massachusetts and Washington cases we have cited are applicable to the case at bar in determining the question as to whether plaintiff was a guest. The "guest" statute of Connecticut was enacted in 1927, before our statute was enacted, and the two statutes are alike. Defendant cites, in support of his contention, the following authorities: *Jacobson v. Stone,* 277 Mass. 323; *Silver v. Silver,* 108 Conn. 371, and *Romansky v. Cestaro,* 109 Conn. 654. In the *Jacobson* case the plaintiff was suing her sister, who furnished her with a ride, and the court held that the evidence was "insufficient to indicate anything more than the friendly relations or the sense of mutual obligation arising between kindred." In the *Silver* case the plaintiff was the wife of the defendant and upon his invitation was a passenger in an automobile operated by him. The opinion states "that a wife riding in her husband's car at his invitation is a guest within the meaning of the statute is not questioned by the defendant." In the *Romansky* case it was admitted that "on the afternoon of the day of the accident the plaintiff and six others went upon defendant's invitation for a drive with him in this car." It is clear that none of these cases sustains the contention of defendant.

Defendant contends that "there was no proof that the defendant wilfully and wantonly injured the plaintiff, nor was there any such charge in the declaration." The contention that there was no such charge in the declaration is an afterthought and is raised for the first time in defendant's brief. No demurrer was filed to the declaration; no separate motion and instruction

was offered at the close of plaintiff's case nor at the close of all the evidence in reference to said count. No written motion for a new trial specifying any such objection to the said count was made. As to the claim that there is no evidence that defendant wilfully and wantonly injured plaintiff, we are of the opinion that the jury were warranted in finding from plaintiff's evidence that the driver of the car at the time in question was driving at the rate of 40 miles an hour on a very rough thoroughfare in an attempt to pass a street car; that plaintiff repeatedly warned him not to drive the machine so fast; that there was an automobile *parked at an angle* on the street and that as defendant's son was passing the street car he collided with the parked car with great force; that plaintiff, in addition to warning defendant's son not to drive so fast, asked him if he wanted to kill plaintiff and his wife. Under the facts of this case it was for the jury to determine the question of wilfulness and wantonness. (See *Streeter v. Humrichouse,* 357 Ill. 234; *Bremer v. L. E. & W. R. R. Co.,* 318 Ill. 11; *Williams v. Kaplan,* 242 Ill. App. 166; *Brown v. Illinois Terminal Co.,* 319 Ill. 326, 330; *Heidenreich v. Bremner,* 260 Ill. 439, 446; *Seiffe v. Seiffe,* 267 Ill. App. 23, 30.) We cannot say, after a careful consideration of the evidence, that the jury were not warranted in finding that defendant's son was guilty of wilful and wanton negligence. It was not necessary, however, for plaintiff to prove wilful and wanton negligence in order to recover.

Defendant contends that "where a declaration contains some counts charging negligence and others charging wilful and wanton conduct and the evidence is insufficient to sustain the latter, a judgment entered upon a general verdict should be reversed as an injury cannot be caused wilfully or wantonly and negligently

at the same time.'' Plaintiff contends that the instant contention of defendant is inconsistent with defendant's theory in the trial court as is shown in one of the instructions offered by defendant. While this contention of plaintiff seems to have force, it is sufficient for us to say, in answer to defendant's contention, that the law is not as he contends. (See *Fickerle v. Seekamp,* 274 Ill. App. 310, 322; *Price v. Bailey,* 265 Ill. App. 358, 364–5; *Layton v. Ogonoski,* 256 Ill. App. 461, 467; *Wargo v. Buske,* 273 Ill. App. 28, 32; *Hawkins v. McClun,* 266 Ill. App. 601; *Provenzano v. Illinois Cent. R. Co.,* 272 Ill. App. 475, 482.)

In closing his brief defendant intimates that the presiding judge must have been satisfied that plaintiff was riding in defendant's automobile as a guest. There is no warrant for any such intimation. We find in the record a statement made by the trial court to defendant's counsel that the court was satisfied that plaintiff was a customer of defendant and that he did not think there was anything for the defense to do but to contest the amount of the verdict.

Defendant has had a fair trial and the amount of the judgment is reasonable under the evidence. The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

GRIDLEY, P. J., and SULLIVAN, J., concur.