such negligence contributed.'' . 29 Ohio Jurisprudence, 554, 555.

The plaintiff at the time she was injured was engaged in a dangerous act and her omission to exercise her faculties of seeing for the purpose of discovering and avoiding peril was negligence, and there is a direct causal connection between such omission and the injuries suffered by the plaintiff. Plaintiff was therefore contributorily negligent as a matter of law, which barred her from recovery. The court therefore erred in overruling the motion of the defendant for a directed verdict at the close of all the evidence.

The judgment will therefore be reversed and final judgment entered in favor of plaintiff in error.

*Judgment reversed.*

KLINGER, J., concurs.

Judges KLINGER and GUERNSEY, of the Third Appellate District, sitting by designation in the Seventh Appellate District.

SNYDER, APPELLANT, *v.* MILLIGAN, APPELLEE.

(Decided April 17, 1936.)

*Messrs. Weiser & Weimer,* for appellant.
*Messrs. Weygandt & Ross,* for appellee.

WASHBURN, J. Raymond Snyder, appellant, a young man, a barber by trade, left the place where he was working in Wooster some time after 10 o'clock, p. m., on a Saturday night and drove his car towards Akron, passing his home and stopping at a road house outside of but near Akron.

Margaret Milligan, appellee, a young widow, on the same evening, in company with a lady friend and another lady, visited an establishment in Akron which in olden times would have been described as a saloon, and after partaking of liquid refreshment, visited another similar establishment in Akron, and finally, after midnight, arrived, in appellee's automobile, at the road house outside of Akron where appellant was, and there ''scraped acquaintance'' with appellant. At said place they all drank beer purchased by appellant, and said ladies were introduced to a man and wife who were also visiting said place and who were friends of appellant.

After some conversation between said two groups, it was agreed by them that they would go to a country club located on said Akron-Wooster road, some 6 to 8 miles westward towards Wooster, of which country club appellant's said friend was the manager.

There is a conflict in the evidence as to just why said trip was planned, there being some evidence that appellee desired appellant to show her said country club, and some evidence that, inasmuch as dancing had been discontinued in the place where they were, they desired to go to the country club for the purpose of dancing to radio music.

It was raining, and at the suggestion of the appellee, who had a closed car, the appellant and one of said lady friends started for said country club in appellee's car,

the same being operated by appellee; the others in said groups going with the manager of said country club in his car.

On the way to the country club the appellee, with the appellant seated between the two ladies in that car, drove her car around a sharp down-grade curve in such a manner as to cause the car to leave the road and plunge over an embankment, and in the accident appellant was seriously injured.

Appellant brought this action against appellee to recover damages for such injuries. In his petition as originally filed, appellant alleged that he was the guest of appellee, that he was riding with appellee for the purpose of showing her the location of said country club, and that he was injured "as a direct and proximate result of the wanton misconduct" of appellee.

After an answer was filed, appellant, by leave of the court, amended his petition by striking out the allegation that he was a guest, and an amended answer was filed, in which the appellee admitted that she requested appellant to accompany her, and that one of the purposes of such invitation was to enable appellant to show appellee the location of said club, but that "the chief purpose" of appellee's invitation was to enable appellant to reach said club, "to which point plaintiff, defendant, and some friends of each, were en route in search of entertainment."

Upon the trial of the issues, the court, at the request of appellee, charged the jury that appellant was a guest and could not recover unless the jury found that the appellee was guilty of wanton misconduct which directly and proximately caused appellant's injuries. The jury returned a verdict in favor of the appellee; and after the overruling of a motion for a new trial, judgment was entered in favor of appellee.

It is urged that the finding of the jury that appellee was not guilty of wanton misconduct is manifestly

against the weight of the evidence, and that the court erred in charging that the appellant was a guest as a matter of law.

Section 6308-6, General Code, known as the "guest statute," is as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

Did the trial court err in charging the jury that as a matter of law the appellant was a guest in said automobile of appellee, within the meaning of said statute?

We make no attempt to state a formula by which to determine when a person riding in an automobile with another is or is not a guest. We are determining this case upon the record in this case.

It may not be improper, however, to observe that the word "guest," as commonly used, has reference to one who is entertained at the *home* or *table* of another; by the statute, *supra,* it is applied to one who is being transported, without payment therefor, in the automobile of another; but in both instances there is the common element of hospitality.

Where there is a contract, express or implied, having specific reference to the transportation, the question of whether the person being transported is a guest will depend upon a fair and reasonable construction of said contract; the difficulty arises where there is no contract having specific reference to the transportation, but there is an actual or prospective contract relationship between the person furnishing the transportation and the person transported which may

provide the occasion for the transportation and indicate whether the transportation is furnished gratuitously, or because of a benefit to the person furnishing the transportation which constitutes a consideration therefor.

In some jurisdictions having similar statutes, the courts, in construing them (there being no contract having specific reference to the transportation), have taken into consideration the reasons why the transportation was furnished, and the object and purpose of the parties and the circumstances connected therewith.

Where there was a contract relationship between the parties which provided the occasion for the transportation and to which the transportation was an incident, it has been held either that the person being transported was not a ''guest'' as a matter of law, or that the question was one for the determination of a jury under proper instructions by the court.

But where there was no business relationship between them, either of present or prospective contract, and there was no benefit, mutual or otherwise, which could be regarded as a consideration, and the only relationship was a social one of hospitality or reciprocal hospitality, the rule, by the weight of authority and reason, is that, as a matter of law, the person being transported was a guest within the meaning of what is commonly known as ''guest statutes.''

We can find no evidence in the record tending to prove that there was any business relationship between appellant and appellee in connection with said trip; on the contrary, it is apparent that the relationship between them was not commercial, but was purely social, and that said trip had no connection with and was not an incident to any contract between the parties, and that the hospitality of the appellee was purely gratuitous. Under such circumstances we hold that the trial court was justified in determining that

appellant, while riding in appellee's automobile, was appellee's guest as a matter of law.

There is a sharp conflict in the evidence relating to the other claimed error, and we are unable to reach the unanimous conclusion that the finding of the jury that appellee was not guilty of wanton misconduct in the operation of said automobile is manifestly against the weight of the evidence.

*Universal Concrete Pipe Co.* v. *Bassett,* 130 Ohio St., 567, 200 N. E., 843.

The judgment will therefore be affirmed.

*Judgment affirmed.*

FUNK, P. J., and STEVENS, J., concur.