[S. F. No. 15802. In Bank.—July 24, 1937.]

AUDREY McCANN et al., Appellants, v. CLIFFORD P. HOFFMAN et al., Respondents.

Sloss, Turner & Finney and Jensen & Holstein for Appellants.

John F. O'Sullivan, as *Amicus Curiae* on Behalf of Appellant.

Bronson, Bronson & Slaven, Kirke LaShelle, Maurice J. Rankin and John H. Painter for Respondents.

SHENK, J.—This appeal involves the question of the liability of the driver of an automobile for injuries to another riding with him under the so-called "guest" law.

The McCanns, husband and wife, sued to recover damages for personal injuries sustained by the wife when they were riding with the defendants in the latters' automobile in Santa Clara County. On the trial the plaintiffs' case showed that the two couples had planned to leave San Mateo on a few days' pleasure trip to Rio Del Mar. The defendants' automobile was to be used to transport the parties to their destination and return. The two couples were friendly and had mutually enjoyed social intercourse and entertainment, the cost of which had been equally borne by them. They had not, however, previously engaged in a joint automobile trip. No specific agreement had been made by them as to the sharing of expenses of transportation, hotel and meals, but it was apparently the tacit and mutual understanding that such expenses would be shared equally. The accident occurred on August 4, 1934, shortly after the commencement of the journey. The defendant Clifford Hoffman was driving.

He left the main highway at Fremont Avenue. While he was driving toward the intersection of Fremont Avenue and Grant Road, at a speed of about sixty miles an hour, his automobile collided with another car approaching on the intersecting crossroad. The defendants' motion for a nonsuit was granted. The plaintiffs appealed from the judgment entered thereon. The court concluded that the defendant driver was not guilty of wilful misconduct. There was no error in so concluding. His acts did not meet the test of wilful misconduct approved by this court in *Meek* v. *Fowler*, 3 Cal. (2d) 420 [45 Pac. (2d) 194], and relied upon by the plaintiffs. Viewed in the light most favorable to the plaintiffs the driver's conduct amounted to no more than negligence. It remains to be determined whether the order was correct on the ground that the plaintiffs were guests of the defendants within the meaning of section 141¾ of the California Vehicle Act (Stats. 1931, p. 1693, now sec. 403, Vehicle Code.) The discussion in this case will point necessarily to the conclusion in the companion case of *Walker* v. *Adamson*, S. F. No. 15801 (*post*, p. 287 [70 Pac. (2d) 914]), this day decided.

At the time involved herein section 141¾ of the California Vehicle Act provided that any person who as a guest accepted a ride in any vehicle and was injured while so riding should have no right of recovery against the driver or owner except for injury resulting from wilful misconduct or intoxication of the driver. The same statute defined the term ''guest'' as a person who accepted a ride without giving compensation therefor. It is contended that the unexpressed agreement to share the expense of gasoline and oil constituted compensation within the meaning of the definition, and that the plaintiffs were passengers and not guests. This subject has not heretofore been given extended consideration by this court.

Many states have enacted statutes substantially to the same effect as our own. In other states, notably Massachusetts, Georgia and formerly Washington, the case law has been to the effect that the driver of a vehicle is not liable to a ''gratuitous'' passenger for ordinary negligence.

In this state, prior to the enactment of section 141¾ of the California Vehicle Act, the degree of care to be exercised toward ''gratuitous'' passengers was governed by sec-

tion 2096 of the Civil Code, providing that a carrier of persons without reward was answerable for the breach of ordinary care. The courts of this and other states have held that statutes depriving a person carried without reward of the right to recover damages for injuries caused by breach of ordinary care are in derogation of the common law and must be construed strictly against the change. (See *Callet* v. *Alioto*, 210 Cal. 65 [290 Pac. 438]; *Rocha* v. *Hulen*, 6 Cal. App. (2d) 245, 254 [44 Pac. (2d) 478]; *Hunter* v. *Baldwin*, 268 Mich. 106 [255 N. W. 431].) Therefore only those persons who were guests within the definition adopted by the legislature may be considered to have been deprived of the right to recover except for injuries due to the wilful misconduct or intoxication of the driver.

In the Restatement of the Law of Torts, section 490, the designations, "passenger" and "guest" have been adopted for the purpose of distinguishing a person carried for hire or reward from one carried gratuitously. For convenience only these designations will be adopted herein, as they have been in other cases construing similar statutes, to distinguish a person who has given compensation within the meaning of the statute here involved from one who has not given such compensation.

Courts have undertaken to define the word "guest" as used in such a statute. Such definitions are of little practical assistance inasmuch as a definition has been furnished by the legislature, viz., one who has not given compensation for the carriage. We are therefore concerned with the meaning of that language.

In construing the statute the court may consider the prior state of the law, the purpose of the enactment effecting a change in the law, and the nature of the matter to be remedied. These matters have heretofore been considered and are well understood without further repetition. (*Rocha* v. *Hulen*, 6 Cal. App. (2d) 245, 251 [44 Pac. (2d) 478]; *Crawford* v. *Foster*, 110 Cal. App. 81 [293 Pac. 841]; *Bookhart* v. *Greenlease-Lied Motor Co.*, 215 Iowa, 8 [244 N. W. 721, 82 A. L. R. 1359]; *Knutson* v. *Lurie*, 217 Iowa, 192 [251 N. W. 147, 149].) As was said in *Russell* v. *Parlee*, 115 Conn. 687 [163 Atl. 404], the concern is, not with a relationship growing out of a contract, but with the construction of a statute denying to a certain class of passengers the right to recover

compensation for injuries resulting from negligence, to which they were entitled prior to its enactment. Therefore its operation should not be extended beyond the correction of the evils and the attainment of the permissible social objects which were the inducing reasons for its enactment. Accordingly many benefits or considerations other than cash or its equivalent have been held to be payment or compensation within the meaning of the language adopted by the legislature.

A review of a few only of the numerous cases indicates that the nature of the compensation as contemplated by such a statute is as variable as the particular facts involved. Compensation has been deemed made: When the carriage is of a prospective purchaser of real estate or other customer riding in contemplation of the mutual business of the parties. (*Crawford* v. *Foster,* 110 Cal. App. 81 [293 Pac. 841]; *Parrett* v. *Carothers,* 11 Cal. App. (2d) 222 [53 Pac. (2d) 1023]; *Riley* v. *Berkeley Motors, Inc.,* 1 Cal. App. (2d) 217 [36 Pac. (2d) 398]; *Piercy* v. *Zeiss,* 8 Cal. App. (2d) 595 [47 Pac. (2d) 818]; *Dahl* v. *Moore,* 161 Wash. 503 [297 Pac. 218]; *Bookhart* v. *Greenlease-Lied Motor Co.,* 215 Iowa, 8, [244 N. W. 721, 82 A. L. R. 1359]; *Foale* v. *Linsky,* 279 Ill. App. 58.) When the relationship is that of principal and agent or employer and employee, or otherwise the passenger is performing services for the principal. (*State Comp. Ins. Fund* v. *Dalton,* 13 Cal. App. (2d) 284 [56 Pac. (2d) 962]; *Hart* v. *Hogan,* 173 Wash. 598 [24 Pac. (2d) 99]; *Haas* v. *Bates,* 150 Or. 592 [47 Pac. (2d) 243]; *Knutson* v. *Lurie,* 217 Iowa, 192 [251 N. W. 147]; *Russell* v. *Parlee,* 115 Conn. 687 [163 Atl. 404]; *Kruy* v. *Smith,* 108 Conn. 628 [144 Atl. 304].) When the plaintiff was an involuntary rider. (*Rocha* v. *Hulen,* 6 Cal. App. (2d) 245 [44 Pac. (2d) 478].) When the compensation was paid by third persons. (*Smith* v. *Fall River Joint Union High School Dist.,* 118 Cal. App. 673 [5 Pac. (2d) 930]; *Sullivan* v. *Richardson,* 119 Cal. App. 367 [6 Pac. (2d) 567]; *McGuire* v. *Armstrong,* 268 Mich. 152 [255 N. W. 745].) When the benefit received was the use of property as garage space. (*Chooljian* v. *Nahigian,* 273 Mass. 396 [173 N. E. 511].) When the plaintiff accepted the ride at the behest of the driver to assist the latter in arriving at his destination or fulfilling the object of the journey. (*Haney* v. *Takakura,* 2 Cal. App. (2d) 1 [37 Pac. (2d) 170]; *Lerma* v. *Flores,* 16 Cal. App. (2d) 128 [60

Pac. (2d) 546] ; *Lyttle* v. *Monto,* 248 Mass. 340 [142 N. E. 795].) When otherwise a benefit of a tangible nature was conferred upon the driver or his principal by reason of the transportation. (*Lindemann* v. *San Joaquin Cotton Oil Co.,* 5 Cal. (2d) 480 [55 Pac. (2d) 870] ; *Peccolo* v. *City of Los Angeles,* 8 Cal. (2d) 532 [66 Pac. (2d) 651] ; *Sumner* v. *Edwards,* 130 Cal. App. 770 [21 Pac. (2d) 159] ; *Woodman* v. *Hemet Union High School Dist.,* 136 Cal. App. 544 [29 Pac. (2d) 257] ; *Gage* v. *Chapin Motors, Inc.,* 115 Conn. 546 [162 Atl. 17] ; *Blanchette* v. *Sargent,* 87 N. H. 15 [173 Atl. 383] ; *Armistead* v. *Lenkeit,* 230 Ala. 155 [160 So. 257], construing a Georgia statute, and wherein the only purpose was transportation, the plaintiff agreeing to pay for the gasoline and oil which was considered the equivalent of the bus fare to Atlanta.)

On similar considerations, and applying the rules of construction hereinabove noted, the courts have quite uniformly held one to be a passenger and not a guest who embarks upon a joint venture of a business nature rather than of a merely social aspect. A case which falls into this category is *Jensen* v. *Hansen,* 12 Cal. App. (2d) 678 [55 Pac. (2d) 1201], wherein three appraisers made joint use of the automobile for the purpose of inspecting and appraising property. The same conclusion would follow in the case of an attorney and client traveling on the latter's business. (*Thompson* v. *Farrand,* 217 Iowa, 160 [251 N. W. 44].) Likewise in this category fall such cases as *Bree* v. *Lamb,* 120 Conn. 1 [178 Atl. 919], wherein employees of Sears-Roebuck & Company were en route to attend a company meeting which it was their duty to attend and their superior requested them to ride in one automobile. The court of appeals of Ohio has placed in this classification the case of brother and sisters prearranging the division of expense of a joint trip from Mansfield to Columbus to visit their father in a hospital (*Beer* v. *Beer,* 52 Ohio App. 276 [3 N. E. (2d) 702] ) ; and the Supreme Court of Washington has declared that a prearrangement among three friends to share the transportation expense of a hunting trip constitutes a joint venture imposing upon the driver the duty of ordinary care (*Lloyd* v. *Mowery,* 158 Wash. 341 [290 Pac. 710].) Whether these two last cited cases are in accord with the weight of authority on the question immediately presented does not now concern us.

The great weight of authority is to the effect that the sharing of the cost of gasoline and oil consumed on a trip, when that trip is taken for pleasure or social purposes, is nothing more than the exchange of social amenities and does not transform into a passenger one who without such exchange would be a guest, and consequently is not payment for the transportation or compensation within the meaning of the statute. It is obvious that if a different result obtained under any construction of the statute its purposes would be defeated and its effect annulled. The relationships which will give rise to the status of a passenger must confer a benefit of a tangible nature and are limited. (*Chaplowe* v. *Powsner,* 119 Conn. 188 [175 Atl. 470, 95 A. L. R. 1177].) There a distinction was made where the facts showed a case merely of reciprocal hospitality. It was stated: ''Although the operation of the statute in denying a right of recovery should not be extended by construction beyond the correction of the evils and the attainment of the social objects sought by it . . . equally, the scope of the term 'guest' should not be so restricted as to defeat or impair those purposes, as would be the case if one riding as a mere recipient of hospitality be excluded from the status of a guest.'' The principle announced in that case has been applied where the recipient of the transportation furnished gasoline and oil on the journey; and where there was no relationship of mutual benefit between the parties other than of a social nature, the rider has been held to be a guest and not a passenger. The mere fact that the parties in making the pleasure trip together have a like purpose in mind does not constitute it a joint venture wherein compensation is deemed to have been given. ''A host and guest may, and often do, have a common objective in point of time or place; yet their relationship as such is not thereby necessarily changed. There may still be lacking a community of interest or an engagement to effect a common purpose as that term is understood in the law of joint adventure.'' (*Eubanks* v. *Kielsmeier,* 171 Wash. 484 [18 Pac. (2d) 48, 49].) The community of interest is lacking even though the plaintiff paid for some of the gasoline. (See, also, *Clendenning* v. *Simmerman,* 220 Iowa, 739 [263 N. W. 248]; *Morgan* v. *Tourangeau,* 259 Mich. 598 [244 N. W. 173].) The case of *Olefsky* v. *Ludwig,* 242 App. Div. 637 [272 N. Y. Supp. 158], in construing the Connecticut

statute, held that as a matter of law contribution to the expenses of gasoline, oil and garage does not constitute "payment" within the meaning of that statute, relying on *Master v. Horowitz,* 237 App. Div. 237 [261 N. Y. Supp. 722, 723] (affd. 262 N. Y. 609 [188 N. E. 86]), which is to the same effect. (See, also, *Askowith* v. *Massell,* 260 Mass. 202 [156 N. E. 875].)

Therefore, where a special tangible benefit to the defendant was the motivating influence for furnishing the transportation, compensation may be said to have been given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of the expense, as for gasoline and oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the joint social one of reciprocal hospitality or pleasure. The same conclusion was announced in *Rogers* v. *Vreeland,* 16 Cal. App. (2d) 364 [60 Pac. (2d) 585], under similar facts, and we perceive no necessity for adopting a different rule in construing the language employed by the legislature.

On the other hand, following the precepts and rules of construction herein noted, the cases indicate either by a direct holding or by recognition, that where the relationship between the parties is one of business and the transportation is supplied in the pursuit thereof for their mutual benefit, compensation has been given and the plaintiff is a passenger and not a guest. (*Bradley* v. *Clarke,* 118 Conn. 641 [174 Atl. 72]; *Chaplowe* v. *Powsner, supra; Bree* v. *Lamb, supra; Master* v. *Horowitz, supra; Snyder* v. *Milligan,* 52 Ohio App. 185 [3 N. E. (2d) 633, 634]; *Foale* v. *Linsky,* 279 Ill. App. 58; *Bookhart* v. *Greenlease-Lied Motor Co., supra; Thompson* v. *Farrand, supra; Haas* v. *Bates, supra; Dahl* v. *Moore, supra; Hart* v. *Hogan, supra.*) There is nothing contrary to this conclusion in *Crawford* v. *Herzog,* 3 Cal. App. (2d) 705 [40 Pac. (2d) 954], wherein the court noted that the record did not show the nature of the excursion stated by it to bear the indicia of a joint venture. On the contrary, the decisions in this state have been to the effect that com-

pensation has been given when the trip was taken in pursuit of the mutual business of the parties. (See *Peccolo* v. *City of Los Angeles*, 8 Cal. (2d) 532 [66 Pac. (2d) 651] ; *Lerma* v. *Flores, supra; Jensen* v. *Hansen, supra; Parrett* v. *Carothers,* 11 Cal. App. (2d) 222, 228 [53 Pac. (2d) 1023] ; *Piercy* v. *Zeiss,* 8 Cal. App. (2d) 595 [47 Pac. (2d) 818] ; *Riley* v. *Berkeley Motors Inc., supra; Crawford* v. *Foster, supra.*)

The record in the present case supports only the conclusion that the sole purpose of the contemplated trip was the joint pleasure of the parties. The trial court was therefore correct in granting the non-suit on the ground that the plaintiffs were guests and not passengers.

The judgment is affirmed.

Edmonds, J., Curtis, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.