Hart, J.
The record in this case, outside the original papers and docket entries, is limited to the material facts stated in the pleadings and the opening statement of counsel for the plaintiff. Since the sufficiency of such facts to warrant a recovery is challenged by *82 the motion for judgment, the court for the purposes of judicial inquiry and determination must accept such facts as admittedly true. Cornell v. Morrison, 87 Ohio St., 215, 100 N. E., 817.
The defendant takes the position that David at the time of his injury was defendant’s guest being-transported in his motor vehicle, and, since no wilful or wanton misconduct is charged against him, he is immune from liability under Section 6308-6, General Code, known as the “guest statute,” which is as follows :
“The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being- transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.”
On the other hand, the plaintiff maintains that the two-wheeled trailer which was attached to defendant’s automobile was not a motor vehicle within the meaning of the statute; that David was not at the time he was injured riding as a guest of the defendant; and that the ordinary rules of negligence apply to the relationship thus created between him and David.
Subdivision 7 of Section 6290, General Code, defines the term, “trailer,” as “any vehicle without motive power designed or used for carrying property or persons wholly on its own structure and for being-drawn by a motor vehicle.”
Subdivision 2 of Section 6290, General Code, defines the term, “motor vehicle,” as “any vehicle propelled or drawn by potver other than muscular power or power collected from overhead electric trolley *83 wires, except road rollers, traction engines” and certain other construction work equipment and farm machinery not necessary to be here specifically enumerated. (Italics supplied.)
The question arises whether a trailer attached to and operated by the power of and as a unit with an automobile is a motor vehicle. Although there are cases logically holding that a trailer unattached to a motor vehicle is not itself a motor vehicle, there is scant judicial authority as to its status when attached to and operated in connection with a motor vehicle furnishing the power for its operation. The definition of “motor vehicle” as being “any vehicle * * * drawn by power other than muscular power or power collected from overhead electric trolley wires” seems to answer specifically the question in the affirmative. Considered from a practical operational standpoint, this is a rational classification. The fact that the operator of an automobile transports another in a trailer attached to his automobile either as his guest or otherwise rather than in the automobile itself would not alter or change the legal relationship between the operator and the person transported.
If the operator of an automobile-trailer outfit should transport gratuitously two persons, one in his automobile and the other in his trailer attached thereto, it would be wholly inconsistent to hold that the one transported in the automobile would be his guest within the meaning of the guest statute whereas the other transported in the trailer would not be such a guest because the trailer was not a motor vehicle. See Leamon v. State, 17 Ohio App., 323. The courts in at least three jurisdictions outside this state have held that, although the motor which pulls a trailer is that of another vehicle, the trailer, when operated as a unit with the motor vehicle, is so exclusively *84 dependent upon the motor for movement that it also must be considered a motor vehicle within the meaning of traffic laws. Gendreau v. State Farm Fire Ins. Co., 206 Minn., 237, 288 N. W., 225; Miller v. Berman, 55 Cal. App. (2d), 569, 131 P. (2d), 18; State v. Harper, 353 Mo., 821, 184 S. W. (2d), 601. Contra, see Hennessy, Admx., v. Walker, 279 N. Y., 94, 17 N. E. (2d), 782, 119 A. L. R., 1029, two judges dissenting. See, also, Liberty Highway Co. v. Callahan, Admx., 24 Ohio App., 374, 381, 157 N. E., 708.
60 Corpus Juris Secundum, 110, Section 1, states the rule as follows:
“A trailer or a semitrailer is a vehicle, but is not a motor vehicle, except that in so far as it facilitates the primary function of a motor vehicle of transporting persons and things, after being attached to the motor vehicle for that purpose, it may be regarded as becoming a part of the motor vehicle, although as to the latter proposition there is also authority to the contrary. ’ ’
It is the view of this court that the trailer in the instant case, as operated at the time of David’s injury, was a motor vehicle.
The question remains, was David a guest of the defendant at the time of the injury, within the meaning of the guest statute? This court has held that this statute, being in derogation of the common law, must be strictly construed (Miller v. Fairley, 141 Ohio St., 327, 48 N. E. [2d], 217; Kitchens v. Duffield, 149 Ohio St., 500, 79 N. E. [2d], 906), which means in the instant case that, if the status of David at the time of injury falls within any category other than “guest,” the defendant is liable for his negligence, if any, which proximately contributed to David’s injuries.
This court in the case of Dorn, Admr., v. Village of North Olmsted, 133 Ohio St., 375, 14 N. E. (2d), 11, defined the word, “guest,” as follows:
*85 “Within the meaning of Section 6308-6, G-eneral Code, a guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company.”
Also, this court in the case of Hasbrook v. Wingate, 152 Ohio St., 50, 56, 57, 87 N. E. (2d), 87, 10 A. L. R. (2d), 1342, distinguished, in the following language, the term, “guest,” from the term, “passenger,” within the meaning of the guest statute:
“The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, good will or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both himself and driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest. 60 Corpus Juris Secundum, 1012, 1013, Section 399 (5); Scholz, v. Leuer, 7 Wash. (2d), 76, 109 P. (2d), 294; Peery v. Mershon, 149 Fla., 351, 5 So. (2d), 694. See Chaplowe v. Powsner, 119 Conn., 188, 175 A., 470, 95 A. L. R., 1177; Eubanks v. Kielsmeier, 171 Wash., 484, 18 P. (2d), 48; Clendenning, Admr., v. Simerman, 220 Iowa, 739, 263 N. W., 248; Liberty Mutual Ins. Co. v. Stitzle, 220 Ind., 180, 41 N. E. (2d), 133.” See, also, LeSage v. Pryor, 137 Tex., 455, 154 S. W. (2d), 446; Malloy, *86 a Minor, v. Fong, 37 Cal. (2d), 356, 232 P. (2d), 241. Of course, it must be remembered that in the Ilasbrook case it was claimed that the rider made payments for gasoline used by the driver of the automobile and, hence, was not a “guest.”
Applying the foregoing definition of “guest” to the allegations of the pleadings and the statement of counsel as admitted facts for the purpose of this review, it is apparent that David’s transportation was not a gratuitous one offered to and accepted by him for the purpose of a ride only. According to the statement, David did not “take a ride either for his own pleasure or on his business,” nor did his transportation confer a benefit “only” on him, which was essential to render him a “guest.” He was assisting in the scout project which was “under the immediate supervision and direction of the defendant” by collecting, placing, and securing the paper on the trailer “under the direction of defendant” which made necessary David’s own transportation thereon as an incident to the project.
The court in Knutson v. Lurie, 217 Iowa, 192, 198, 251 N. W., 147, observed:
“* * * one may be an occupant of an automobile without being a guest or a mere invitee, and yet not be a passenger for hire. There is no relationship of guest or passenger by mere invitation if the occupant of the car is a nongratuitous passenger, as that term previously has been defined. Furthermore, it is manifest that in determining the benefit, it is proper to take into consideration ‘not merely the act of transportation * * * but also any contract or relationship between the parties to which it was an incident.’ ”
In 4 Blashfield Cyclopedia of Automobile Law and Practice, 307, Section 2292, it is stated:
“One important element in determining whether a *87 person is a guest within the meaning and limitations of such [guest] .statutes is the identity of the person or persons advantaged by the carriage.”
A study of the fact statement and the inferences to be drawn therefrom, upon which the motion in the instant case was predicated, warrant the conclusion that one of three possible relationships existed between David and the defendant in connection with David’s transportation. Such relationships are (1) that David was rendering service to the defendant who had taken over the job of transporting the papers for the troop, (2) that David and the defendant were jointly and mutually interested in the project of picking up and transporting the papers, and (3) that David and the defendant were fellow workers for the troop in prosecuting the paper-collecting project.
If David and the defendant stood in the relationship to each other in any one of the three categories above mentioned, David was not a guest of the defendant. If David stood in the relationship described in (1), his transportation was for the attainment of some objective or purpose of the defendant and David was not his guest. Dorn, Admr., v. Village of North Olmsted, supra; Scholz v. Leuer, 7 Wash. (2d), 76, 109 P. (2d), 294.
In the Dorn case, above cited, plaintiff’s decedent was invited by the defendant to enter his automobile for the sole purpose of pointing out to the defendant the location of a certain house a short distance away, to which the defendant desired to go, and the court held that where the ride was wholly incidental to the purpose of showing the defendant the location of the house the ride was not for the rider’s own pleasure or business and that he was, therefore, not a guest. In that case there was no payment for the ride because plaintiff’s decedent sought no ride. In this *88 connection, Judge Myers, in the course of the opinion, said:
“An examination of legal authorities discloses that various terms are used to designate the different capacities in which a person may be riding in the automobile of another. The terms most commonly used are ‘guest’ and ‘passenger,’ and less frequently ‘licensee’ and ‘invitee.’ The liability of an owner or driver of an automobile for negligence toward a person being transported in such automobile is usually, but not always, determined by the fact whether such person is a guest or a passenger for hire.
“In seeking to determine whether Wilkinson, when he got into the defendant’s automobile, legally came within the definition of any one of the foregoing terms, we at once rule out the term ‘licensee.’ Wilkinson was not a mere licensee in the defendant’s automobile. He was invited into the car for a definite purpose.
“In the instant case, Wilkinson was not a licensee but an invitee for the benefit of the defendant. But the invitation extended by the defendant was not primarily to give Wilkinson and Alford a ride in the automobile. The invitation was tendered in order that the two men might show the defendant where Shindler lived. The language of the defendant was ‘Boys, come along with me, and show me where it is.’ The invitation was not primarily to accept a ride but to do a favor for the defendant. It was not a transportation transaction that was being entered into. The ride was wholly incidental to the main purpose of showing the defendant where Shindler lived.”
If David stood in the relationship described in (2), the transportation tended to promote the mutual interests of both himself and defendant and operated for their common benefit, in which event David was not’a “guest.” Duncan v. Hutchinson, 139 Ohio St., *89 185, 39 N. E. (2d), 140; Hart, a Minor, v. Hogan, 173 Wash., 598, 24 P. (2d), 99; Thompson v. Farrand, 217 Iowa, 160, 251 N. W., 44; Woodman v. Hemet Union High School Dist., 136 Cal. App., 544, 29 P. (2d), 257; Thuentz v. Hart Motors, 234 Iowa, 1294, 15 N. W. (2d), 622; Forsling v. Mickelson, 66 S. D., 366, 283 N. W., 169; O’Hagan v. Byron, 153 Pa. Supp., 372, 33 A. (2d), 779.
In Woodman v. Hemet Union High School District, above cited, the guest statute of California was involved, which defined a guest as a passenger who accepts a ride in any vehicle without giving compensation therefor. A boy who had applied for membership and who was paying dues in a boy scout troop was held not to be a guest within the meaning of the California statute where he was riding on a truck operated by another boy scout in returning from a trip to procure rocks and sand to be used at the scout barracks. See 82 A. L. R., 1365.
In the case of Thuente v. Hart Motors, above cited, wherein the defendant furnished a truck and driver for a scrap drive to aid the war effort and the plaintiff and others furnished physical labor in loading and unloading the truck, the plaintiff was held not to be a “guest” within the meaning of a guest statute requiring a showing of recklessness to recover for injuries sustained while the person injured was riding on the truck.
In the case of Forsling v. Michelson, above cited, it was held that where a musician, who had volunteered his services for a booster trip to advertise a community enterprise called the “corn carnival,” was being transported in an automobile donated for the purpose by a public spirited businessman, the musician was not under the guest statute a “guest” of the businessman.
*90 In the case of O’Hagan v. Byron, above cited, it was held that a plaintiff passenger, who was induced for the benefit of her sisters to make an automobile trip to render an opinion of the physical condition of the parties’ brother, was not a “guest” within the meaning of the Ohio guest statute.
If David stood in the relationship described in (3), his transportation as well as that of the defendant was incidental to the project being prosecuted with their assistance, and David was not a guest.
In Hansen, Admr., v. Nelson, 240 Iowa, 1298, 39 N. W. (2d), 292, the common employer of two employees, Stalzer and Christensen, sent them on a business trip to a nearby city. Stalzer drove the automobile and Christensen went along at the direction of the employer to help shovel snow “if they ran into difficulty.” Stalzer had a collision with another car causing personal injury to Christensen from which he subsequently died. Upon suit by the personal representative of Christensen against Stalzer, the question arose whether Christensen was a guest. The court held that where a deceased was accompanying a fellow employee in his automobile on an errand for their common employer it was not necessary that the fellow employee, operator of the car, should derive any special benefit in order to negative a guest relationship and that the decedent was not the guest of his fellow employee operating the car.
In Dobbs v. Sugioka, 117 Colo, 218, 185 P. (2d), 784, Sugioka brought suit against Dobbs for personal injuries sustained by her while riding in Dobbs’ automobile. Both parties were in the joint employ of several missionary societies called “The Plan.” It was their duty to attend and report certain conferences. Dobbs was executive secretary in the Denver office and plaintiff was his secretary and stenographer. *91 They were en route to Casper, Wyoming, in defendant’s automobile and the expenses of the trip were paid by him from funds furnished by “The Plan.’’ The question was whether the plaintiff was a guest in Dobbs’ car. The court held that she was not and might maintain the action.
In Howes v. Kelman, 326 Mass., 696, 96 N. E. (2d), 394, plaintiff was requested by a member of the firm employing plaintiff to work overtime, and she agreed to do so if the firm would furnish her transportation home. Plaintiff did work overtime and a member of the firm requested the defendant who was also an employee of the firm to drive the plaintiff home in the firm’s car. On the way home an accident resulted because of the negligence of the driver employee. The court held that the jury was entitled to find that the plaintiff was not a gratuitous passenger to whom defendant, operator of the car, owed the duty only of refraining from gross negligence.
The court is of the view that the petitions in the instant cases state a cause of action and there is presented an issue of negligence for the jury.
The judgments of the Court of Appeals are affirmed.

Judgments affirmed.

Weygandt, C. J., and Zimmerman, J., concur.
Stewart, J., concurs in the syllabus and in the judgments.
Middleton, Taet and Matthias, JJ., concur in paragraphs one and two of the syllabus but dissent from the judgments.