[Civ. No. 1182. Fourth Appellate District.—August 2, 1935.]

REBA PIERCY, Respondent, v. EUGENE E. ZEISS, Defendant; BERT J. SCHAEFER, Appellant.

Stickney & Stickney for Appellant.

Renwick Thompson and Fred Kunzel for Respondent.

BARNARD, P. J.—This is an action for damages for injuries sustained by the plaintiff in a collision between an automobile driven by the defendant Schaefer, in which she was riding, and another car driven by the defendant Zeiss. The defendant Schaefer, a life insurance agent, had attempted or was attempting to sell the plaintiff an annuity policy and the accident occurred while he was taking her to her home from her place of employment. The court found that the accident was caused by the negligence of the defendant Schaefer and that the plaintiff was riding in his car as a passenger and not as a guest. The defendant has appealed from the judgment on the sole ground that the evidence conclusively establishes that the plaintiff was his guest and not his passenger, at the time in question.

The appellant testified that he called upon the respondent at her place of employment; that she said she was interested in an annuity policy but had no time to discuss it then; that he found out where she lived and said "I live in that general direction and it isn't out of my way any great amount, I will be glad to drive you home some night at your convenience and when I get you home I can tell you just exactly the details"; that she replied "That would be a good way to do"; that two or three days later he returned and told her what such a policy as she desired would cost at her age and asked her if she could afford to pay that amount; that she said she thought she could; that a few days later he made an appointment to take her home after working hours; that his purpose was to take her home and then sell her some insurance; that before she got into the car she told him she had no money to put into a policy at that time; that he replied "Well, that is all right, you are here, I might as well run you home anyhow"; that she got into the car and said "I would like to know something about it"; that he laughed and said "Well, it looks like there is no profit in this, but I am going myself, and I will be very glad to run you home, and I will give you any general information that I can, but you are not in a position to buy"; that he would not have gone back to see her if he had known that she was not in a position to buy; that they did not discuss insurance on the trip except that she said she had discovered she was a year younger than she had told him; and that, so far as he was concerned, she had then ceased to be a prospect.

The respondent testified that during their first conversation she told the appellant she was not prepared to take out insurance at that time, that while she intended to take some out she was not quite ready; that during a second conversation at her place of employment the appellant told her what the rate would be at her age; that on the night of the accident he came to the place where she was employed and asked her to let him take her home; that she replied she would not want to put him out or take him out of his way; that he said it would not take him out of his way as he went past her house to get to his own home and this would give him an opportunity of talking over the insurance and giving her information about the annuities; that she consented to go with him; that as she was entering the car she told him she did not

want him to take her home under a wrong impression and that she was not prepared to take out a policy at that time; that she told him that she would not want a policy for a little while, that she intended to invest in annuities and wanted to get some information concerning the same, and that she intended to take out a policy within a short time and as soon as she could; that he said he would be glad at least of having the opportunity of going over it with her and that he wanted to give her the information anyway; that she replied she was interested and would like to have the information; that after she got in the car she told him "that I wanted him to understand that I wasn't able to put any money in it right this minute but that it might be soon; I didn't know how soon"; that she did not feel that his taking her home was an accommodation to her after he said he would like to have the opportunity of explaining and giving information concerning the policies; and that during the ride the appellant talked to her about insurance and told her he had his books and folders with him and that when they arrived at her home he would show her the form sheet regarding the rates.

Section 141¾ of the California Vehicle Act forbids a recovery by a guest, except under circumstances with which we are not here concerned, and defines a "guest" as one who accepts a ride in any vehicle without giving compensation therefor. In *Crawford* v. *Foster*, 110 Cal. App. 81 [293 Pac. 841], this court said: "We think the meaning of the language used is, that a guest is one who is invited, either directly or by implication, to enjoy the hospitality of a driver of a car; who accepts such hospitality; and who takes a ride either for his own pleasure or on his own business, without making any return to or conferring any benefit upon the driver of the car, other than the mere pleasure of his company." It seems to be well settled that under the terms of this statute a benefit accruing to the driver of a car may be such a compensation as will take a person riding with him out of the guest class and, further, that an anticipated or prospective profit is a benefit and may be as effectual for this purpose as an immediate or direct return. (*Crawford* v. *Foster, supra; Sullivan* v. *Richardson,* 119 Cal. App. 367 [6 Pac. (2d) 567]; *Sumner* v. *Edmunds,* 130 Cal. App. 770 [21 Pac. (2d) 159]; *Haney* v. *Takakura,* 2 Cal. App. (2d) 1 [37 Pac. (2d) 170].)

■ The appellant argues that a further rule is indicated by these decisions and that in order to remove a person from the "guest" class there must not only be a benefit received by the driver but the use of the automobile itself must be necessary to the consummation of the contemplated business or transaction, and that since an insurance policy could have been written at the home of the respondent, or elsewhere, the use of the automobile on this occasion was not essential to the business in view and no possible benefit to him can be said to have accrued from the respondent's acceptance of a ride. We are unable to agree with this contention. If a driver receives a benefit through the acceptance of a ride, the fact that a like benefit might have been obtained in some other place or manner can make no difference. The acceptance of a ride may furnish a salesman with an opportunity to interview a prospective customer which might otherwise not be accorded. An opportunity thus obtained is a direct and substantial benefit to the salesman and may well be as beneficial to him where he is selling something not necessarily connected with the ride as where he is demonstrating the car itself to a prospective purchaser or using it to take a prospect to look at a piece of land. The hope of a profit is equally present in all such cases and such an opportunity to present his wares is a real benefit to a salesman whether or not another place for his labors might have been chosen.

■ It is further urged that this case differs from the cases above cited in that here there was an express termination of the business relationship between these parties and an avowed declaration by the respondent to the effect that she intended to confer no benefit upon the appellant, and that the evidence conclusively establishes that the appellant was taking the respondent to her home on this occasion as a mere matter of courtesy and accommodation to her, after any relationship of life insurance agent and prospect had been definitely, completely and finally abandoned.

Any conflicts in the evidence were resolved by the court in favor of the respondent and, with that in mind, we are unable to say that it conclusively appears that there had been an express termination of the business under consideration by these parties. While the respondent desired to make it clear that in accepting a ride she was not committing herself to the immediate purchase of a policy, she declared her inten-

tion to make such a purchase as soon as possible and probably at an early date. She expressed a desire for further information on the subject and the appellant expressed a desire to have the opportunity to give her that information and not only sought but used the opportunity thus furnished by the trip. It sufficiently appears from the evidence that the respondent gave the appellant grounds for hoping that he might make a sale and that he took her home with that hope in mind. He testified that his purpose in going there was to take her home in order to sell her some insurance and the evidence justifies the inference that he did not abandon this purpose but that he proceeded with the expectation that the trip would assist him to that end. Applying the definition of a guest above set forth, we think the respondent did not accept the appellant's invitation for her own pleasure or on her own business without making any return to or conferring any benefit upon him, and that the court's conclusion that she was not a guest within the meaning of this statute was justified by the evidence and may not be set aside.

The judgment is affirmed.

Marks, J., and Harden, J., *pro tem.*, concurred.