[Civ. No. 13208.   Second Dist., Div. Two.   Dec. 22, 1941.]

NETTIE BUMMER, Respondent, v. LIBERTY LAUNDRY COMPANY (a Corporation), Appellant.

Mills, Hunter, Dunn & Liljestrom for Appellant.

Jones & Hoyt and George A. Elstein for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for personal injuries, defendant appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are:

On November 26, 1938, plaintiff was employed as "floor lady" in defendant's laundry.  She had been working for defendant for seven or eight months prior to November 26, 1938.  Some time prior to the accident Mr. Wilde, foreman for defendant, informed plaintiff that the opening time had been changed from 7:00 a. m. to 6:00 a. m., at which time plaintiff said, "Well, all right, but that makes me get up an hour sooner."  Mr. Wilde asked plaintiff where she lived and, when she told him on West Sixty-fourth Street, he said that he went right by her place and could stop and pick her up and bring her to work.  This he did, excepting on one or

two occasions when Mr. Taylor, another employee, picked plaintiff up and took her to work.

November 25, 1938, Mr. Wilde asked Mr. Taylor if he would stop by and pick up plaintiff the next morning, since he would not be able to do so himself. November 26, 1938, Mr. Taylor picked up the plaintiff in a laundry truck owned by defendant laundry and, while driving to work, the door, which we may assume had been maintained in a negligent manner, came open and plaintiff fell out of the truck and suffered personal injuries. Plaintiff concedes that she does not come under the provisions of the Workmen's Compensation Act. Therefore, because of the view we have taken of the law applicable to this case, we need not consider any question relative to said act.

The trial court found upon substantial evidence that defendant was not guilty of any willful misconduct.

This is the sole question for us to determine:

*In view of section 403 of the Vehicle Code, was plaintiff entitled to recover damages for the injuries which she suffered, under the foregoing state of facts?*

This question must be answered in the negative. Section 403 of the Vehicle Code reads as follows:

"No person who as a guest accepts a ride in any vehicle upon a highway *without giving compensation* for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or *wilful misconduct* of said driver." (Italics added.)

It is unquestioned that plaintiff was a guest in the truck of defendant. The trial court likewise found that defendant was not guilty of wilful misconduct and there is no evidence to sustain a finding that the driver of the car was intoxicated.

Therefore, by the terms of section 403 of the Vehicle Code, defendant would not be liable for the injury received by plaintiff, unless plaintiff was giving compensation for the transportation which she received. Plaintiff testified that she had made no arrangement with the defendant to be furnished transportation to her work and there was no other evidence of compensation. Therefore, from the evidence which was received defendant was merely extending a courtesy to

plaintiff in providing her transportation, for which she was not furnishing compensation. As a result she was a mere guest in the vehicle at the time of the accident, and, pursuant to section 403 of the Vehicle Code, defendant was not liable for her injury. *Parrett* v. *Carothers,* 11 Cal. App. (2d) 222 [53 Pac. (2d) 1023]; *Piercy* v. *Zeiss,* 8 Cal. App. (2d) 595 [47 Pac. (2d) 818]; *Duclos* v. *Tashjian,* 32 Cal. App. (2d) 444 [90 Pac. (2d) 140]; and *Jensen* v. *Hansen,* 12 Cal. App. (2d) 678 [55 Pac. (2d) 1201], are factually different from the facts in the instant case. In each of the cases cited defendant was receiving a benefit from the transportation of the plaintiff. For example, in *Piercy* v. *Zeiss, supra,* defendant was an insurance salesman who was taking plaintiff from the place of her employment to the place of her residence and while doing so was endeavoring to sell her insurance. An examination of each of the other cases will disclose facts from which it is readily apparent that the defendant was being compensated in some way for the transportation of the plaintiff.

For the foregoing reasons the judgment is reversed.

Moore, P. J., and Wood (W. J.), J., concurred.