[Civ. No. 16973.  First Dist., Div. One.  Dec. 4, 1956.]

WINIFRED BENJAMIN, Appellant, v. ROBERT B. RUTHERFORD et al., Respondents.

Dibble & Jacobs for Appellant.

Weinmann, Rode, Burnhill & Moffitt and Cyril Viadro for Respondents.

WOOD (Fred B.), J.—Plaintiff-appellant assigns as error the submission to the jury of the question whether plaintiff rode as a guest or as a passenger in a passenger car owned by her employer and driven by defendant, a fellow employee, at the time of the collision which caused her injuries. She claims that the evidence shows, as a matter of law, that she was riding as a passenger.*

The applicable statute declares that *"No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride* . . . has any right of action for civil damages against the driver of such vehicle . . . on account of personal injury to . . . such guest during such ride, unless the plaintiff in any such action establishes that such injury . . . proximately resulted from the intoxication or wilful misconduct of said driver."* (Veh. Code, § 403; emphasis added.)

█ The parties are in substantial agreement as to the meaning of "compensation" as used in this statute. It may but need not be monetary in form. It may be a tangible benefit received by the person who furnishes the ride, a benefit which is a motivating influence for supplying the transportation. (See *Martinez* v. *Southern Pac. Co.,* 45 Cal.2d 244, 250-253 [288 P.2d 868]; also *McCann* v. *Hoffman,* 9 Cal.2d 279, 283-287 [70 P.2d 909]. Each reviews the case law.)

█ A rider claiming the status of passenger, when this statute is involved, has the burden of proving that he was a passenger; i. e., that he gave compensation for the ride. (*Martinez* v. *Southern Pac. Co., supra,* 45 Cal.2d 244, 250.)

█ The determination of that question is one of fact unless the evidence admits of but a single inference; in this case, an inference that plaintiff gave compensation for the ride.† If reasonable minds can differ on the question whether that is

---

*Plaintiff requested and the court refused an instruction that at the time of the accident "plaintiff . . . was a passenger of the defendant" driver and that "defendant owed to . . . plaintiff the duty to exercise ordinary care."

†Thus, "if the evidence is clear, positive, uncontradicted and of such a nature that it cannot rationally be disbelieved the court must instruct that a fact so proved has been established as a matter of law." (*Roberts* v. *Del Monte Properties Co.,* 111 Cal.App.2d 69, 75 [243 P.2d 914].)

the sole inference that reasonably may be drawn from the evidence, the question is one of fact, not of law.

█ The evidence to be examined in the light of these principles is as follows:

About a week before the commencement of the Key System strike in the summer of 1953, the employer of plaintiff and defendant (the place of employment was San Francisco) posted on a bulletin board a notice that anybody who wanted transportation from and to the East Bay area should submit his name and address. Plaintiff, who had been employed as a clerk-typist for about four months and who lived in the East Bay, submitted her name and address. She commuted with four fellow employees (including the driver) in an employer-owned car driven by defendant for about four weeks at the time of the accident. The employer furnished three cars for the purpose of transporting employees who desired the service, purchased the gasoline, and paid the bridge tolls and other expenses involved. No monetary compensation was paid, directly or indirectly, by plaintiff or the other commuting employees who availed themselves of this offer. The use of this service by them was entirely voluntary (not imposed or required by or on behalf of the employer); plaintiff was free to drive over in her own car, or to have her husband drive her over or to make arrangements with other people who might be going over. At no time was there an agreement between plaintiff and her employer that the latter would furnish her with transportation, nor did she at any time do any of the driving. Plaintiff testified that the arrangement was satisfactory to her although it involved arriving at the office earlier and leaving later (without change in the hours of work at the office) and no change in the rate of monetary compensation for her work. Upon one occasion defendant gave a ride to nonemployees, plaintiff's daughter and a friend of the latter, at plaintiff's request; he drove them home from San Francisco with plaintiff and the other employee commuters.

Defendant, who also lived in the East Bay area, testified that he received no "compensation or extra pay of any kind for driving the" car.

Prior to these events plaintiff and defendant had had no social contact outside the office; e. g. neither had visited the other at their respective homes, nor had plaintiff ever ridden in a car owned or driven by the defendant.

From these facts, plaintiff says, only one inference can be drawn, the inference that by rendering this service the em-

ployer received a tangible benefit (that of facilitating the task of the commuting employees by assuring that they would get to work on time and put in a full day's work during a suspension of public transportation which made the accomplishment of such purposes doubtful if the employees were left to their own resources) and that the receipt of this tangible benefit was a motivating influence for the furnishing of such transportation.

That conceivably is *an* inference but *not necessarily the only* inference the triers of the facts reasonably could draw from the evidence.

The employer may have received the tangible benefit plaintiff describes. For aught that appears the employer well might have received that benefit without furnishing this transportation. It does not necessarily appear that plaintiff could not and would not have gotten to work on time if left to her own resources.

Also, there is no direct evidence as to the motives of the employer. Plaintiff asked no question of defendant pertaining to that, nor did she call any executive or employee of the employer as a witness for interrogation on that subject. For aught that appears the service described may have been tendered and rendered as a gratuitous accommodation for the personal convenience and benefit of the commuting employees, including plaintiff.

Under these circumstances we are persuaded that the evidence supports the implied finding of the jury that plaintiff did not give compensation for the ride and that it would have been error, prejudicial error, if the trial court had given the instruction requested by plaintiff, one that would have told the jury that plaintiff was a passenger toward whom defendant owed a duty to exercise ordinary care.

No extended review of the law seems necessary when, as here, the issue is essentially one of fact and the applicable legal principles are clear. Plaintiff leans heavily upon *Huebotter* v. *Follett*, 27 Cal.2d 765 [167 P.2d 193], which held that under the circumstances of that case it appeared as a matter of law that the plaintiff was a passenger, a rider who gave compensation for the ride. But that was a share-the-ride case: "Plaintiff, defendant, and one Wilson were, under a share-the-ride arrangement, riding together in defendant's car to their employment at Los Angeles Harbor. Each of the three men drove his own automobile two days of each week and on such days transported the other two with him between

their homes and their work." (P. 767.) The "consideration given by plaintiff to defendant for riding to work in defendant's car was a reciprocal ride by defendant in plaintiff's car, thus reducing the cost of transportation to each. No factual issue was presented on this phase of the controversy. This court held in *Peccolo* v. *City of Los Angeles* (1937), 8 Cal.2d 532, 537 [66 P.2d 651] (adopting in part an opinion of the District Court of Appeal prepared by Mr. Justice Shinn, then acting pro tempore), that one riding in the automobile of another under such an agreement gave compensation for his ride and was a passenger in such automobile within the intent of section 403 of the Vehicle Code, *supra*. Consequently plaintiff was entitled to instructions that plaintiff was a passenger and that defendant owed to him a duty to drive with ordinary care. (See also *Walker* v. *Adamson* (1937), 9 Cal.2d 287, 289 [70 P.2d 914].)" (P. 769 of 27 Cal.2d.) The distinction between those facts and the facts of the instant case seems too clear to require comment.

Plaintiff seems also to contend that whenever there is a business relationship between the rider and the person who furnishes the ride, the court must find that the rider is a passenger, not a nonpaying guest. That is not the law. The cases she cites do not support her. In each the issue was treated as one of fact, not of law: *Whitechat* v. *Guyette,* 19 Cal.2d 428 [122 P.2d 47] ; *Humphreys* v. *San Francisco Area Council, Boy Scouts,* 22 Cal.2d 436 [139 P.2d 941] ; *Thompson* v. *Lacey,* 42 Cal.2d 443 [267 P.2d 1] ; *Martinez* v. *Southern Pac. Co., supra,* 45 Cal.2d 244.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.