[Civ. No. 24445.   Second Dist., Div. Two.   July 18, 1960.]

WOODY L. SHELBY, Appellant, v. JESSIE JOE HAGOOD, Respondent.

Otis Babcock for Appellant.

Parker, Stanbury, Reese & McGee and B. E. Atkisson for Respondent.

RICHARDS, J. pro tem.*—Plaintiff appeals from a judgment in favor of defendant in an action for damages for personal injuries sustained when plaintiff was riding in an automobile operated by defendant. The complaint alleged that plaintiff was a passenger for compensation and that defendant

*Assigned by Chairman of Judicial Council.

was negligent in the operation of the car which resulted in plaintiff's injuries. The court, sitting without a jury, found that the defendant was negligent and further found on conflicting evidence that the plaintiff was a guest and not a passenger for compensation.

Viewing the evidence as to plaintiff's status in the light most favorable to the defendant, as we must, the following factual situation is disclosed:

Plaintiff and defendant were both employed at Edwards Air Base and defendant had living accommodations there. Defendant would sometimes drive her car from the base to the Los Angeles area on week ends. Upon some of these occasions, plaintiff would ride with her to Van Nuys, where he lived, a distance of approximately 90 miles from the base. In driving to Van Nuys defendant went slightly out of the most direct route to her usual destination. Plaintiff did not ride with defendant on every trip that she made. There was no arrangement or agreement between them regarding plaintiff paying for any of the rides with defendant. Sometimes defendant, upon arriving in Van Nuys, would give plaintiff some money and say "Buy yourself some gas." Sometimes plaintiff would give defendant $3.00, sometimes less, and sometimes nothing at all. Defendant never asked for money from the plaintiff. Plaintiff did not give defendant any money for the ride in question, nor did he agree to pay for such ride. The rides given by defendant to plaintiff were primarily a matter of accommodation because of the difficulty of getting out of the base and the lack of public transportation. None of the rides during which plaintiff accompanied defendant, including the ride in question, was related to any business purposes for either plaintiff or defendant, or both.

Defendant contends:

(I) There is no substantial evidence to support the judgment.

(II) The uncontradicted testimony of a witness should be accepted as proof of the fact.

(III) Plaintiff was a passenger as a matter of law.

I.

■■■ Our limited role in passing upon the contention that the evidence does not support a finding that no benefit for the ride was conferred upon the driver is settled by *Follansbee* v. *Benzenberg*, 122 Cal.App.2d 466, at 471 [265 P.2d 183, 42 A.L.R.2d 832], and quoted in *Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, at 250 [288 P.2d 868], as follows: "Whether

a person riding with another was a passenger or a guest is to be determined on the basis of the answer to the factual question: Did the rider confer a benefit on the driver for the ride? [Citation.] ▮ It is for the trier of fact to determine whether the rider conferred a benefit or whether the ride was merely of a social nature. [Citations.] Once the trier of fact has determined the fact of benefit, the province of the reviewing court is simply to examine the record to determine whether this factual finding is substantially supported.''

In another guest-passenger case, *Whitechat* v. *Guyette*, 19 Cal.2d 428 [122 P.2d 47], it is said at page 436: '' 'We are again confronted with the rule, as admitted by appellant, that in passing upon the merits of an appeal an appellate court will and must accept as true all evidence tending to establish the correctness of the finding or verdict and must consider the evidence in the most favorable aspect towards the prevailing party and give that party the benefit of every inference that can reasonably be drawn in support of his claim. [Citation.] '. . .''

▮ We are of the opinion that the finding of fact that the plaintiff was a guest and not a passenger for compensation is substantially supported by the evidence. There was neither payment nor agreement for payment of money. There was no prospect of a business profit to defendant or business relationship between the parties. There was no anticipation of the rendition of any kind of service by the rider to the driver. In short, there was no tangible benefit to defendant given by or on behalf of plaintiff. The fact that plaintiff had occasionally on previous rides voluntarily and not by agreement given money to defendant does not constitute ''giving compensation for such ride.'' (Veh. Code, § 403.*) ▮ The section clearly contemplates that only in cases in which the injury occurs ''during the ride'' for which the driver has received a tangible benefit from the rider ''for such ride'' may the latter sue the driver for ordinary negligence arising out of the operation of the vehicle and that such ''tangible benefit, not mere pleasure, kindness, or friendship alone, must be the principal inducement for the ride to constitute compensation.'' (*Gillespie* v. *Rawlings*, 49 Cal.2d 359, 364 [317 P.2d 601].)

No extended review of the law seems necessary when, as here, the issue is essentially one of fact and the applicable legal principles are clear. ▮ The finding of the trial

*Reporter's Note: Section as numbered prior to 1959 recodification.

court upon the evidence adduced was, in our opinion, consonant "with the fundamental policy underlying guest statutes, which is to prevent recovery for ordinary negligence by a guest in an automobile who has accepted the hospitality of the driver." (*Duff* v. *Schaefer Ambulance Service, Inc.,* 132 Cal.App.2d 655, 667 [283 P.2d 91].)

## II.

Plaintiff contends that his testimony that he paid defendant every time (except the ride in which he was injured) was not contradicted by defendant's testimony to the effect that "I don't think he paid every time," and that if the court did not accept plaintiff's testimony as true, it should have done so. From aught that appears, the court may have believed plaintiff's testimony and still within the facts as outlined concluded, as it did, that no tangible benefit to the defendant was the inducement for the ride.

The defendant was asked on direct examination if plaintiff had not given her money for the ride would she have given plaintiff a ride anyway? Error is claim in the overruling of an objection to the question on the ground that it called for a conclusion. The question basically sought to establish her state of mind or motive in giving plaintiff a ride.

In a guest-passenger case based upon alleged intentional wrongful conduct, the Supreme Court said: "The state of mind of a person, like the state or condition of the body, is a fact to be proved like any other fact when it is relevant to an issue in the case, and the person himself may testify directly thereto. [Citation.] Whenever the motive or intent with which an act was done is relevant, direct testimony is admissible, although not conclusive." (*Cope* v. *Davison,* 30 Cal.2d 193, 200 [180 P.2d 873, 171 A.L.R. 667].) The court did not err in overruling the objection.

## III.

There is no merit to plaintiff's final contention that he was a passenger as a matter of law. This same contention was urged in another guest-passenger case, *Benjamin* v. *Rutherford,* 146 Cal.App.2d 561 [303 P.2d 1079], and the court said at pages 562-563: "The determination of that question is one of fact unless the evidence admits of but a single inference; in this case, an inference that plaintiff gave compensation for the ride. If reasonable minds can differ on the question whether that is the sole inference that reasonably may be drawn from the evidence, the question is one of fact, not of law."

We would be of the view that if only one inference could reasonably be drawn from the evidence, it would be that as determined by the trial court, but even assuming that the evidence was susceptible to a different inference the determination of the plaintiff's status was one of fact and not of law.

Judgment affirmed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 7, 1960. Peters, J., and Dooling, J., were of the opinion that the petition should be granted.