[Civ. No. 28489.   Second Dist., Div. Two.   June 22, 1965.]

BARBARA STEPHAN, Plaintiff and Appellant, v. MINNIE
PROCTOR et al., Defendants and Respondents.

Haskell J. Shapiro and Louis I. Bell for Plaintiff and Appellant.

Gilbert, Thompson & Kelly and Jean Wunderlich for Defendants and Respondents.

ROTH, P. J.—Appellant sustained personal injuries riding in respondent's car.

The trial court granted a motion for nonsuit following appellant's opening statement to the jury, as the same was supplemented by additional facts. This appeal is from the judgment of nonsuit.

Appellant asserted she would prove that she and respondent, both divorcees, were living in the same apartment house on July 23, 1961. Respondent was in the process of securing a second divorce and was extremely depressed and despondent, whereupon appellant, hoping to cheer up respondent, invited her to dinner. Appellant offered to pay for the evening's expenses. The invitation was accepted. When the two women entered the apartment garage to proceed in appellant's car, respondent suggested that they take respondent's car because appellant's car was a convertible with the top down and

respondent did not want to muss her hair. They drove away in respondent's car. Appellant directed respondent where to go.

Before reaching the restaurant, the women stopped at a bar for a drink. Following the drink, respondent told appellant that she wanted to go home rather than to dinner. The accident happened en route home, respondent driving. Appellant had paid the expenses of the evening. These included one drink each woman had at the bar and the parking fee incurred.

Appellant asserts "that she was the host in inviting [respondent] out for the evening, and had promised to pay for all expenses of the evening; that she did pay such expenses as in fact arose. . . . That [respondent] had declined dinner after they reached their destination. To this was the added fact that the trip was entered upon primarily for the benefit of [respondent], to improve her mental and physical well-being by going out for the evening, in the expectation that the evening out would provide therapy or psychological relief for [respondent's] depression." Appellant contends that the facts hereinabove outlined establish her status as a passenger rather than a guest under Vehicle Code, section 17158.

Section 17158 provides in pertinent part that "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride . . . has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to . . . the guest during the ride, unless the plaintiff in any such action establishes that the injury . . . proximately resulted from the intoxication or wilful misconduct of the driver."

There is no contention that there was either wilful misconduct or intoxication.

There is no contention nor is there any evidence that appellant paid respondent for gasoline, hire of the auto used in the form of mileage or other forms of rent.

The primary policy underlying the guest statute is to prevent recovery for ordinary negligence by a guest who has accepted the hospitality of the owner. A secondary policy, of course, is to prevent collusive suits between friends where the driver admits negligence in order to shift the burden to his insurance carrier. (26 Cal.L.Rev. 251, 252.) These underlying policies of the act must not be lost sight of in analyzing a given fact situation. (*McCann* v. *Hoffman,* 9 Cal.2d 279, 282 [70 P.2d 909].)

The cases have consistently held that the designations "passenger" and "guest" have been adopted for the purpose of distinguishing a person who has given compensation within the meaning of section 17158 from one carried gratuitously. ■ ". . . [T]he benefit to the driver must be something more than simply the pleasure of the rider's company . . . ; and the mere extension of customary courtesies of the road . . . does not destroy the host and guest relationship if nothing more is involved than the exchange of social amenities or reciprocal hospitality." (*Martinez* v. *Southern Pacific Co.,* 45 Cal.2d 244, 250-251 [288 P.2d 868].) ■ The tangible benefit need not be monetary (*Clapp* v. *Hester,* 169 Cal.App.2d 558, 559 [337 P.2d 525]) but in order to constitute a tangible benefit there must be a return which makes it worth the driver's while to furnish the ride (*Crawford* v. *Foster,* 110 Cal.App. 81 [293 P. 841]). Moreover, the tangible benefit, not mere pleasure, kindness or friendship, must be the principal inducement for the ride to constitute compensation. (*Gillespie* v. *Rawlings,* 49 Cal.2d 359, 364 [317 P.2d 601].)

■ Appellant also contends that section 17158 is unconstitutional on grounds of vagueness and unreasonable discrimination. In *Ferreira* v. *Barham,* 230 Cal.App.2d 128 [40 Cal. Rptr. 739], the court held that section 17158 was not a denial of the equal protection of the law. Nor is the statute vague. The term "without giving compensation for such ride" has been made definite through judicial interpretation of both the language and legislative intent behind the statute. (*Gillespie* v. *Rawlings, supra,* 49 Cal.2d 359.)

■ A nonsuit following an opening statement is proper where the plaintiff has been afforded full opportunity to present his entire case and such presentation affirmatively shows the inadequacies of the case as a matter of law. (*Nault* v. *Smith,* 194 Cal.App.2d 257, 261 [14 Cal.Rptr. 889]; *Shelby* v. *Hagood,* 182 Cal.App.2d 760, 764 [6 Cal.Rptr. 422].)

■ Normally, it is a question for the trier of fact to determine whether the principal inducement for the ride was friendship, kindness, pleasure or a bargained for ride. (*Baker* v. *Novak,* 144 Cal.App.2d 514, 518 [301 P.2d 257].)

■ Giving full weight to the facts set forth in appellant's opening statement, we think the conclusion inescapable that no tangible benefit served as the principal inducement for respondent's furnishing appellant a ride. (*Whitechat* v. *Guyette,* 19 Cal.2d 428 [122 P.2d 47].) The uncontroverted reason for not using appellant's auto was that respondent did not want

to get her hair mussed whereupon both women agreed to proceed in respondent's car.

The purpose of the evening was purely social in nature. It was intended that appellant would take respondent out to dinner as her guest with the intention of relieving respondent's mind of her apparent problems. The intent was a manifestation of friendship and not of professional care and would have been brought to fruition by appellant herself driving, but for the fact that respondent suggested that they take her car instead of appellant's car, because the convertible top on appellant's car was down. Manifestly, the principal inducement for respondent giving appellant a ride was not a benefit that appellant was going to confer upon respondent as the result of a bargained for exchange, but rather respondent's desire to avoid the consequences of riding in the convertible. That is, even if we assume a tangible benefit in appellant's promises to respondent, the benefit was to be conferred not for the ride but for the pleasure of respondent's company during the evening's festivities and in appellant's hope that she could in some way relieve respondent of her worries. This did not constitute compensation within the meaning of section 17158.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 18, 1965.