[Civ. No. 28012. Second Dist., Div. Three. Dec. 22, 1965.]

JOHN DEVINS, Plaintiff and Appellant, v. WALLACE S. HONG, Defendant and Respondent.

Betts, Ely & Loomis, Chandler & Armstrong and Ingall W. Bull, Jr., for Plaintiff and Appellant.

Wyman, Finell & Rothman and Charles L. Fonarow for Defendant and Respondent.

FORD, J.—The question presented is whether the trial court erred in rendering a summary judgment in favor of the defendant Hong pursuant to its determination that there was no issue of fact to be tried as between the plaintiff and that defendant. For reasons which will be stated we have reached the conclusion that the judgment must be reversed.

In his complaint the plaintiff Devins alleged that he sustained personal injuries while riding as a passenger for consideration in an automobile driven by the defendant Hong which collided with an automobile operated by the defendant Hopper. He further alleged that the negligence of the defendants proximately caused his injuries. In addition to a denial of those allegations, the defendant Hong pleaded several defenses, one of which was as follows: "This action is barred in that as to this answering defendant, the court lacks jurisdiction, this matter properly falling within the jurisdiction of the Industrial Accident Commission." Another defense was stated in the following language: "That plaintiff is barred from recovery herein by the provisions of Vehicle Code section 17158."[1]

In the notice of the defendant Hong's motion for summary judgment it was stated in part: "Said motion will be made upon the ground that there is no triable issue of fact in this action as to said defendant and that as a matter of law the Superior Court has no jurisdiction over the subject matter herein." The points and authorities filed in support of the motion were directed solely to the defense that jurisdiction to grant relief was exclusively in the Industrial Accident Commission because of the plaintiff's status as Hong's employee. (See *Scott* v. *Industrial Acc. Com.*, 46 Cal.2d 76, 83 [293 P.2d 18].)

---

[1]At the time of the accident on July 8, 1961, section 17158 of the Vehicle Code was as follows: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or wilful misconduct of the driver."

As the factual basis for the motion the moving defendant Hong relied upon testimony of the plaintiff embodied in his deposition and upon Hong's brief declaration. That declaration was in part as follows: "At the time of the accident . . . I was engaged in the contracting business which involved painting work and the making of screens. . . . I always considered him [the plaintiff Devins] as an employee rather than as an independent contractor. I paid him $18.00 a day and from his pay checks I would take out Withholdings and Social Security. I supplied the paint and material for his work and generally directed him in his work. I laid him off in late 1960, but hired him again on July 4, 1961. He worked for us for four days prior to the accident on July 8, 1961. . . . On the morning of the accident I picked plaintiff up at his home and was driving him to the job site at the time the accident occurred. I often drove him to the job site.

"He did not pay me anything for the ride nor was there any agreement concerning his paying for the ride."

Pertinent portions of the plaintiff's deposition will be noted. He said that he was working for the defendant Hong as an employee. In response to an inquiry as to how he normally got to his job, he testified: "Mr. Hong would either say, 'I will pick you up in the morning'—if it was a new job, he said 'I'll pick you up in the morning and take you to the job,' and we would unload the stuff, and he will say 'Okay. Then you know how to get there,' and then I would take the bus the next day."

In opposition to the motion for summary judgment the plaintiff offered portions of the deposition of the defendant Hong. Hong testified therein that the plaintiff started to work on a house with respect to which Hong had just obtained a painting contract. The work had not been completed at the time of the accident. He did not pick up the plaintiff Devins and take him to this house on the preceding four days on which he had worked, but on the afternoon before the day of the accident he had driven the plaintiff Devins home from the job. The accident happened on a Saturday.

Other pertinent portions of the defendant Hong's testimony were as follows: "Q. Saturday morning you picked him up at his home and you were enroute to work; is that correct? A. He asked me to pick him up. Q. Was it out of your way to pick him up? A. No, it wasn't out of my way. Q.

So, would you say you picked him up just to be friendly and to accommodate him? A. Well, yes. . . . Q. Did Mr. Devins tell you why he wanted you to pick him up that morning rather than him getting to work the way he had on previous mornings? A. No, he didn't tell me. . . . Q. When you hired Mr. Devins, was there anything said about transportation and how he should get to and from work? A. No. Q. The employment, then, did not include any conditions concerning getting to and from work? A. As far as transportation? Q. Yes. A. No. Q. In other words, the $18 a day was to cover when he showed up at work in the morning on the job until he left that afternoon; is that correct? A. Yes."

In his opening brief the plaintiff Devins states: "It was apparent at the hearing on the motion for summary judgment, that the trial court felt that the appellant was in a dilemma and that if appellant was not within the course of his employment at the time of the accident, then in fact no compensation was given within section 17158 of the Vehicle Code and his action would be barred by the failure to allege intoxication or wilful misconduct." In his answering brief the defendant Hong agrees with that statement, but he concedes "that the evidence presented to the trial court on the issue of scope of employment does not establish as a matter of law that appellant was within the course and scope of his employment at the time of the accident." ▪ Consequently, the only question presented for resolution is whether the status of the plaintiff was that of a guest, rather than that of a passenger, as a matter of law, so that there was no issue of fact to be tried.

▪ As this court stated in *Shapiro* v. *Bookspan*, 155 Cal.App.2d 353, at pages 357-358 [318 P.2d 123]: "A passenger is one who gives compensation for a ride. [Citation.] ▪ Where the driver has received a tangible benefit, monetary or otherwise, which is a motivating influence for furnishing the transportation, compensation may be said to have been given, with the result that the rider is a passenger and the driver is liable to him for simple negligence. [Citation.] ▪ But whether the rider conferred a benefit or whether the ride was merely of a social nature is ordinarily a question of fact for the jury. [Citations.] ▪ It is only where the admitted facts can give rise to but one reasonable conclusion that the question of the rider's status becomes one of law. [Citation.]"

In *Lundell* v. *Hackbarth*, 226 Cal.App.2d 609, at page 613 [38 Cal.Rptr. 137], the court said: "The fact that an employer-employee relationship exists is an important consideration in the determination of whether or not a benefit is being conferred. '. . . A benefit would be received if the transportation was within the terms of the employment, or part of the agreed consideration for the work, or was directed by the employer during working hours, or was furnished to facilitate or speed a task the employee was to perform. . . .' (*Humphreys* v. *San Francisco Area Council, Boy Scouts*, 22 Cal.2d 436, 442 [139 P.2d 941].) But the mere existence of the employer-employee status alone is insufficient in and of itself to make the guest statute inoperative. (*Humphreys* v. *San Francisco Area Council, Boy Scouts, supra*; *Bummer* v. *Liberty Laundry Co.*, 48 Cal.App. 2d 648 [120 P.2d 672] ; and see Note 49 A.L.R.2d 341.) "

In the present case the facts before the court upon the hearing of the motion showed that the defendant Hong wanted the plaintiff to work on Saturday and that the plaintiff had requested Hong to drive him to work on that day, although Hong had not done so on the preceding four mornings. The facts produced clearly support an inference that the ride was not merely of a social nature. And, although a more complete development of the relevant circumstances would be helpful, the factual showing is sufficient to sustain an inference that in furnishing the transportation the employer Hong was principally motivated by a desire to facilitate the performance of the work which he wanted the employee Devins to do. (See *Gillespie* v. *Rawlings*, 49 Cal.2d 359, 364 [317 P.2d 601].) Since there was shown to exist a triable issue of fact as to whether the rider Devins conferred a benefit on the driver Hong for the ride (see *Benjamin* v. *Rutherford*, 146 Cal.App.2d 561, 562-565 [303 P.2d 1079]), it was error to render a summary judgment in favor of the defendant Hong. (*Saporta* v. *Barbagelata*, 220 Cal.App.2d 463, 472 [33 Cal.Rptr. 661] ; *Burke* v. *Hibernia Bank*, 186 Cal.App.2d 739, 744 [9 Cal.Rptr. 890].)

The judgment is reversed.

Shinn, P. J., and Kaus, J., concurred.