[Civ. No. 31623.   Second Dist., Div. One.   Apr. 5, 1968.]

ANN BOYKIN, Plaintiff and Appellant, v. EUGENE B. BOYKIN, Defendant and Respondent.

Heily & Blase and Edward L. Lascher for Plaintiff and Appellant.

. Parker, Stanbury, McGee, Peckham & Garrett and Craig Combs for Defendant and Respondent.

WOOD, P. J.—Plaintiff Ann Boykin, the wife of defendant Eugene Boykin, seeks to recover damages for personal injuries which she received while she was an occupant of an automobile which her husband was driving on the Ventura Freeway. The automobile collided with an object beside the freeway. No other automobile was involved in the accident. The first cause of action is predicated upon negligence, and the second cause of action is predicated upon wilful misconduct. In a jury .trial, the court granted defendant's motion for nonsuit on the negligence cause of action (on the basis that plaintiff was a guest of defendant), and the jury found in favor of the defendant on the other cause of action. Plaintiff appeals from the judgment.

Appellant contends that the court erred in determining as a matter of law that she was a guest of defendant within the meaning of the guest statute (Veh. Code, § 17158).

The record includes a clerk's transcript and a settled statement on appeal. A stipulation, which was incorporated in the settled statement, provides in part that the statement shall constitute "an adequate summary of the evidence pertinent to review," and that the errors urged on appeal shall be restricted to two, those errors being (a) that the trial court erred in refusing to submit to the jury the issue as to whether plaintiff was a guest or a passenger, and (b) that the trial court erred in refusing to give instructions requested by plaintiff. In her brief, plaintiff limits her discussion to the passenger-guest issue (nonsuit issue).

According to the settled statement and the stipulation, there is little conflict in the evidence. Viewed most favorably to plaintiff, the evidence (as set forth in settled statement) is in substance as follows: Plaintiff, who was 58 years of age, met defendant, who was 72 years of age, at a "lonely club" in early March 1964. Defendant, who lived in Thousand Oaks, visited plaintiff, in Long Beach, frequently during the two

weeks after they met, and they agreed to marry. Defendant suggested[1] that they marry in Mexico, and they made arrangements with plaintiff's daughter and son-in-law (the Keblers who lived in Reseda) to drive to Ensenada, Mexico, on Saturday, March 21. On that day, the defendant and plaintiff went in defendant's car from Long Beach to Reseda, and defendant did the driving on that occasion. They arrived in Reseda about noon, and waited until 4 p.m. for the Keblers to close their store. About 4 p.m., they (the four of them) left Reseda, in defendant's automobile, proceeded to Ensenada and stayed there overnight, and plaintiff and defendant were married the next morning (Sunday, March 22). Then they returned, in the car, to Reseda, stopping enroute for meals. While driving from Capistrano to Reseda, plaintiff's daughter suggested that plaintiff and defendant stay at the Keblers' house that night because the weather was bad. Defendant said that Reseda was "only a few miles from home [Thousand Oaks]" and that he wanted to go home.[2] Plaintiff agreed to go home with defendant, and they left the Keblers' house in Reseda, in defendant's car, and went westerly, via the Ventura freeway, toward Thousand Oaks. About midnight (12:01) a.m., Monday), while defendant was driving the car on the freeway in a westerly direction (toward Thousand Oaks) several miles east of Thousand Oaks, the car went "out of control and collided with some object adjacent to the highway." No other vehicle was involved in the accident. (The settled statement does not include any evidence regarding plaintiff's injuries. The stipulation states that "there was substantial evidence of some injury to plaintiff as a proximate result of the collision. . . .")

Defendant's motion for a nonsuit on the first cause of action (negligence) was granted, and his motion for a nonsuit on the second cause of action (wilful misconduct) was denied. The jury found in favor of defendant on the second cause of action.

---

[1]According to plaintiff's testimony, defendant suggested that they marry in Mexico. According to defendant's testimony, plaintiff's daughter suggested that they marry in Mexico and she (daughter) "planned it" and obtained the information regarding the requirements for marriage in Mexico.

[2]There was evidence to the effect that plaintiff wanted to stay in Reseda, either at her daughter's house or in a motel, and protested going to Thousand Oaks. In the stipulation, however, regarding the guest-passenger issue on appeal, it is stated that there should be excluded from such issue any contention that plaintiff was not a guest, or that a guest status terminated, by reason of her being an involuntary occupant of defendant's automobile.

Appellant contends that the court erred in determining as a matter of law that she was a guest of defendant within the meaning of the guest statute (Veh. Code, § 17158).

Section 17158 of the Vehicle Code provides in part that no person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride has any right of action for civil damages against the driver of the vehicle on account of personal injury to the guest unless the plaintiff establishes that the injury proximately resulted from the intoxication or wilful misconduct of the driver.

"The cases have consistently held that the designations 'passenger' and 'guest' have been adopted for the purpose of distinguishing a person who has given compensation within the meaning of section 17158 from one carried gratuitously." (*Stephan* v. *Proctor*, 235 Cal.App.2d 228, 231 [45 Cal.Rptr. 124]; see *Martinez* v. *Southern Pac. Co.*, 45 Cal.2d 244, 249-250 [288 P.2d 868].)

The burden of proving that compensation was given for the ride is upon the plaintiff rider (*Martinez* v. *Southern Pac. Co., supra; Lundell* v. *Hackbarth*, 226 Cal.App.2d 609, 612 [38 Cal.Rptr. 137]; and "if the admitted facts can give rise to but one reasonable conclusion, the question as to whether or not 'compensation' was given for the ride becomes one of law." (*Winn* v. *Ferguson*, 132 Cal.App.2d 539, 543 [282 P.2d 515]; see *Stephan* v. *Proctor, supra,* judgment of nonsuit affirmed on ground plaintiff rider was a guest as a matter of law; *Ray* v. *Hanisch*, 147 Cal.App.2d 742, 750 [306 P.2d 30]; *Brandis* v. *Goldanski*, 117 Cal.App.2d 42 [255 P.2d 36], judgment of nonsuit affirmed; *Haney* v. *Takakura*, 2 Cal. App.2d 1, 7 [37 P.2d 170, 38 P.2d 160]; 8 Am.Jur.2d, Automobiles and Highway Traffic, § 475, p. 41.)

In *Lundell* v. *Hackbarth, supra,* page 612, it is said: "Where the driver receives a tangible benefit, monetary or otherwise, which is the motivating influence for furnishing the transportation, compensation may be said to have been given, with the result that the rider is a passenger and the driver is liable for ordinary negligence." In *Stephan* v. *Proctor, supra,* page 231, it is said: "[T]he tangible benefit, not mere pleasure, kindness or friendship, must be the principal inducement for the ride to constitute compensation." Compensation "is not given where the main purpose of the trip is the joint pleasure of the participants." (*McCann* v. *Hoffman*, 9 Cal.2d 279, 286 [70 P.2d 909].) It has also been said that "[a] wife riding in her husband's automobile at his invita-

tion has been held to be unquestionably a guest within the meaning of the guest statute." (8 Am.Jur.2d, *supra*, p. 52; see *Roberson* v. *Roberson*, 193 Ark. 669 [101 S.W.2d 961].)

In *Stephan* v. *Proctor, supra,* page 230, it is said: "The primary policy underlying the guest statute is to prevent recovery for ordinary negligence by a guest who has accepted the hospitality of the owner. A secondary policy, of course, is to prevent collusive suits between friends where the driver admits negligence in order to shift the burden to his insurance carrier. [Citation.] These underlying policies of the act must not be lost sight of in analyzing a given fact situation."

The evidence in the present case, viewed most favorably to plaintiff, is to the effect that after plaintiff and defendant had become engaged to marry, they went in defendant's car to Mexico, accompanied by plaintiff's daughter and son-in-law; they stayed overnight in Mexico; plaintiff and defendant were married the next day; they returned to Reseda, where plaintiff's daughter and son-in-law lived; plaintiff and defendant, who were husband and wife, then drove toward defendant's home (presumably the marital home); and plaintiff received injuries while defendant was driving the car to that home. It does not appear that the ride was for a business purpose, or that defendant received any compensation for the ride. The court did not err in determining, as a matter of law, that plaintiff was a guest of defendant within the meaning of the guest statute.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied April 30, 1968, and appellant's petition for a hearing by the Supreme Court was denied May 29, 1968.